# Decisions of the Supreme Court of Missouri,

## FAYETTE DISTRICT, OCTOBER TERM, 1829.

### The State v. English.

1. On a prosecution for an offence which must be commenced within a given time after its commission, if the first indictment is quashed, and the second one, in order to prevent the bar of the statute of limitations, sets out the proceedings under the first, they must be stated with the precision and certainty required in original criminal proceeding.
2. When an indictment is quashed, and the period elapsed within which a prosecution should be commenced, the second indictment should lay the offence on a day within the time limited by law for the prosecution of the offence; and the State, on the trial, should show the facts which bring it within the exception of the statute of limitations.

WRIT OF ERROR from Clay Circuit Court.

TOMPKINS, J., delivered the opinion of the Court.*

English was indicted for exchanging on the 1st of April, 1828, one gallon of spirituous liquors with an Indian, for a gun. The bill was found at the August term of the year 1829. The jury also find in these words, that " at a Circuit Court held for the county of Clay on the 25th of November, 1828, being within the space of one year from and after the commission of the offence aforesaid, by him the said Charles English, the grand jurors of the county of Clay found a bill of indictment against him, the said Charles, charging him with the same offence aforesaid, and that the said bill of indictment was prosecuted, and was pending in the said Court until the 5th day of August, 1829, at which time the proceedings had upon the said indictment for the (183) offence aforesaid, were reversed and set aside by the said Court, and the said

*Absent, M'Girk, C. J.

indictment was quashed and held for nought ; and so the jurors do say, that the said offence so as aforesaid found, was committed by him, the said Charles, in manner and form aforesaid, within one year preceding the time of their present finding, contrary to the form, &c."

Offenders of this kind are by law to be prosecuted within one year after the commission of the offence, provided that where the indictment has been quashed or the proceedings set aside or reversed, the time during the pending of the said indictment shall not be reckoned within the statute. In our opinion, the time of the commission of the offence might properly have been laid within a year preceding the time of finding the bill ; and evidence of the quashing of the first indictment might have been introduced by the State, to account for the last bill not being found within the time limited by law. But the State having chosen to set out in the present indictment as well the previous bill and proceedings thereon, as the commission of the offence for which the appellant was prosecuted, it became necessary to use, in stating the finding of the first bill and proceedings thereon, all the certainty required in charging the commission of the offence. It is not stated in the last indictment that the grand jury which found the first bill was sworn, nor is the prosecution of that bill of indictment alledged with the certainty of time and place. It is not thought necessary to mention more instances of the want of certainty, as they are obvious enough. If the above recited clause of the last indictment were to be stricken out as surplusage, then we hold the indictment would be bad ; as the time at which the commission of the offence is charged, is more than one year before the finding of the bill, and bad on its face. For although the State is not bound to prove the offence committed on the very day laid in the indictment, yet we hold it necessary to lay a day within the time limited by law, for the prosecution of such offences.

The judgment of the Circuit Court is reversed.