## THE STATE vs. HADEN.

1. An indictment charging the sale of one quart of whisky, and suffering the same to be drank at the place of sale, without a grocer's, dramshop-keeper's or inn-keeper's license, is bad. The negation is not broad enough. A tavern license ought to have been negatived.

## APPEAL from Greene Circuit Court.

GARDENHIRE, Attorney General, for the State.

The only question in this case, is as to the sufficiency of the indictment. The charge is for selling one quart of whisky and suffering the same to be drank at the place of sale, without a grocer's, dram-shop, or inn-keeper's license.

It was not necessary to negative a merchant's license in terms; it was substantially done by charging that the liquor was drank at the place of sale. A merchant has no right to sell a quart of whisky and suffer it to be drank at the place of sale: R. S. 1845, p. 740, sec. 17. To charge the selling of a quart of whisky, and suffering it to be drank at the place of sale, in itself negatives a merchant's license.

HENDRICK, for respondent.

The indictment is bad for the following reasons: First, it is uncertain; and secondly, it does not negative that the defendant had tavern license, which tavern license would authorize the sale: Rev. Code 1845, page 584, secs. 1, 2 and 3.

RYLAND, J., delivered the opinion of the court.

The defendant, Joseph D. Haden, was indicted for selling a quart of whisky and suffering it to be drank at the place of sale without license.

He appeared to the indictment and moved the court to quash it. The court sustained his motion; quashed the indictment, to which ruling of the court the State excepted and tendered her bill of exceptions and brings the case to this court by appeal.

In looking into the indictment, I find that the defendant is charged with selling one "quart of whisky to John A. Gibson of the value of twenty cents, and suffered the same to be drank at the place of sale, without then and there having grocer's, dramshop-keeper's or inn-keeper's license authorizing said sale."

This indictment is bad. The negation of license is not broad enough. The defendant might well have sold the quart of whisky and suffered it to be drank at the place of sale, without either one of the licenses

mentioned, and yet have not violated the law. He might have had a tavern license.

Our law contemplates the grant of a tavern license, separate and distinct from an inn-keeper's license. See Session Acts of 1849, page 56. The rate of taxation is greater on one than on the other. The tavern license for one year cannot be less than twenty dollars. The inn-keeper's license ten dollars for the same period. No matter how intimately and closely connected with each other these occupations may be, and how "like the same" they are in their design and effect, yet our legislature has seen fit to separate and distinguish them, so far as license is concerned.

This indictment was therefore properly quashed by the court below, and the other judges concurring, the judgment is affirmed.