### THE STATE vs. WISHON.

1. An indictment for selling liquor without license, charging the absence of a cause generally is good.

2. If one of several counts in an indictment be good, a motion to quash ought not to be sustained. The defendant should move to quash the defective count and not the whole indictment.

### ERROR to Crawford Circuit Court.

GARDENHIRE, Attorney General, for the State.

The only question in this case is as to the sufficiency of the indictment. It contains two counts. The first charges the absence of a license generally, and is good: State vs. Brown, 8 Mo. R. 210; Neales vs. State, 10 ib. 498.

The power of quashing indictments is a discretionary one in all case, and very rarely to be exercised in a case of this character. The first count being good, a general verdict, by statute, would have been good and a motion to quash will not lie: State vs. Rector, 11 Mo. Rep. 28.

HAYDEN, for defendant in error.

The circuit court did not err in quashing the indictment upon the motion of the defendant, for the several very good and unanswerable reasons contained in the motion itself.

RYLAND, J., delivered the opinion of the court.

Benjamin Wishon was indicted by the grand jury of Crawford coun-

ty at the May term of the circuit court, in the year 1851, for selling intoxicating liquor in a less quantity than one quart without a license.

The indictment contains two counts. The defendant appeared to the indictment and moved the court to quash the same. The court sustained this motion, and quashed the indictment. The State, by her circuit attorney, excepted to the ruling of the court and brings the case here by writ of error.

The question for our consideration involves the sufficiency of the indictment, the first count of which is as follows:

"STATE OF MISSOURI, } In the Crawford Circuit Court.
　County of Crawford. }
May Term, A. D. 1851.

The grand jurors of the State of Missouri, empannelled, &c., in and for the body, &c., upon their oath present, that Benjamin Wishon, late of the county of Crawford, on, &c., at, &c., with force and arms at Crawford county aforesaid, unlawfully did directly sell intoxicating liqour in a less quantity than one quart, to-wit: one pint of whisky of the value of ten cents to one Michael Donivan, and one half pint of brandy of the value of ten cents to one M. Donivan then there being, without the said Benjamin Wishon then and there having a license for that purpose continuing in force, contrary to the form," &c.

The second count charges that the defendant sold intoxicating liquor in less quantity than one quart, to persons to the grand jurors unknown without his having a *dram-shop license* continuing in force, &c.

This second count is defective. It does not deny the having of a license generally, but confines the negation to a dram-shop license. This is not sufficient.

The first count has this averment; it charges the sale to be without a license, in general terms, without specifying any particular kind of license. Under the decisions of this court, in the cases of State vs. Brown, 8 Mo. Rep. 210, and Neales vs. The State, 10 Mo. Rep. 498; this first count must be considered good and sufficient.

To an indictment containing several counts, some of which are good and sufficient and others defective and insufficient, a motion to quash should not be sustained. If the indictee wishes to avail himself of any defect, or of any imperfection in the indictment, he should move the court to quash the defective counts only, and not quash the whole indictment where one count is good: See State vs. Rector, XI Mo. R. 28.

Motions to quash indictments are always addressed to the discretion of the court. The court can overrule such motions and compel the defendant to plead or demur.

The State vs. Wishon.

By the common law, the courts may, in their discretion, quash any indictment for any such insufficiency in the body of it as will render a judgment given on it against the defendant erroneous; but they are in no case bound so to do, *ex debito justitiae.*

Courts cannot strike out counts out of an indictment, for it is the finding of the grand jury: 2 Strange 1026; 3 Bac. Ab'g. Indictment (K.)

The courts can quash any defective indictment or any insufficient count in the indictment. Such has ever been the practice in this State; The difference between striking out and quashing counts I apprehend is this, the motion to strike out was based upon the ground that the counts were too numerous. In the case referred to in Strange, Rex vs. Peutress et al., an assault was laid twenty-one different ways. On motion to strike out the counts the court said it could not be done, being the finding of the grand jury. It does not appear that this motion was made because any one of these twenty-one counts was defective, but because there were so many. The indictment bore upon its face the design to vex.

The motion to quash is based upon the insufficiency of the counts.

I can see no good reason why an insufficient indictment may not be quashed on motion; or why a defective count may not be quashed on motion. It is certainly the less expensive course to quash at once, rather than put the defendant to the trouble and the State to the costs of a trial on an indictment which cannot support a judgment afterwards by reason of its insufficiency.

The law in criminal proceedings is well settled that one good count in an indictment, no matter how many insufficient ones there be will support a judgment after a general verdict of guilty is found: 1 Johns. Rep. 320; 3 How. Mass. Rep. 422; Chitty Crim. Law, 640; 3 Scammons Rep. 326. Consequently, it will be error to quash an indictment on motion, which has one good count. In this case we think the first count in the indictment is good; it sufficiently charges the selling of intoxicating liquor in less quantity than one quart to a person, and without license. It does not state the price at which the liquor was sold, but needlessly states the value of the liquor. We do not consider the price material, though it would be perhaps better to state it.

In indictments for misdemeanors, as much technical precision and exactness are not required as are necessary in indictments for more grave and heinous offences; and wherever we find certainly to a common intent, we will not look with very scrutinizing care to find faults.

The court below erred in sustaining the motion to quash the indict-

ment in this case; the first count being in our opinion sufficient. The other judges concurring herein the judgment below is reversed and this cause is remanded for further proceedings in accordance herewith.

