The State vs. Owen.

---

THE STATE vs. OWEN.

1. An indictment, charging the selling of one pint of whisky, without a dram-shop, tavern, grocers, merchants, or any other kind of license, is sufficient.

## ERROR to Laclede Circuit Court.

BALLOU, for plaintiff in error.

1. The indictment does not charge the offence with certainty and precision, nor does it contain a complete description of such facts and circumstances as will constitute an offence under our statute, so that the court may know what judgment is to be pronounced upon conviction; nor does the indictment allege a plain, brief and certain motive of any offence punishable by law; nor is the offence, if any, set forth in the language of any statute: 1 Chitty Crim. Law, side page 227, 228, 229. 281, 282, 283: State vs. Martin, 5 Mo. R. 361. The head note to the case of the State vs. Brown, 8 Mo. Rep. 210, is repudiated by the court in Austin vs. The State, 10 Mo. R. on pages 595 and 596; see also 5 Mo. Rep. 357 and 360.

2. The court should have quashed the indictment upon the motion filed by the defendant for the cause therein alleged.

3. The circuit court erred in overruling the defendant's motion in arrest of judgment.

GARDENHIRE, Attorney General, for the State.

1. The indictment charges the absence of a license generally, and is sufficient: State vs. Brown, 8 Mo. Rep. 210; Neales vs. The State, 10 Mo. Rep. 498.

2. The indictment, with the highest degree of certainty known to pleading, directly and pointedly negatives a lawful selling, under all circumstances. Certainty to a certain intent in general is what is required in indictments; but, according to Lord Coke, (Co. Lit. 303) there is still a higher degree of certainty—certainty to a certain intent in every particular, which obtains in the case of estoppel, and in pleas not favored in law, such as the plea of alien enemy, in which it must be stated, not only that the plaintiff is an alien but that he came to England without letters of safe conduct from the King: 1 Chit. Plead. 268–9.

RYLAND, J., delivered the opinion of the court.

George W. Owen was indicted by the grand jury at the September

term, 1850, of the circuit court within and for the county of Laclede, for selling intoxicating liquor in a less quantity than one quart without license.

The defendant appeared at the March term, 1851, of said circuit court and moved the court to quash the indictment. This motion was over-ruled. He then plead guilty; the court assessed his fine to twenty dollars and rendered judgment therefor.

The defendant then moved the court in arrest of the judgment, which motion was overruled, excepted to, and bill of exceptions filed. The defendant prayed an appeal to the supreme court, which was allowed him, and he brings the case now here for the consideration of this court.

The question involves the sufficiency of the indictment. The indictment charges that "George W. Owen, late of the county of Laclede, on &c., at &c., with force and arms did sell to a person to the jurors unknown intoxicating liquor in a less quantity than one quart, to wit: one pint of whisky at and for the price and sum of five cents, without having a dam-shop license, or tavern license, or grocer's license, or merchant's license, or any other kind of license, continuing in force during any of that time authorising him so to sell, to wit: on the day and year aforesaid, at the county aforesaid, contrary, &c.

Is it an offence by our laws for any person to sell intoxicating liquor in a less quantity than one quart without a license authorising such sale? If it is then this indictment is good.

The 1st section of the act concerning Inns and Taverns, Digest 1845, declares that "hereafter no person within this State shall, without a tavern license continuing in force, directly or indirectly, sell, barter or deliver, or knowingly permit to be sold, bartered or delivered for, or on his or her account, any wine or spiritous liquors by less quantity than one quart, &c."

The 1st section of the act concerning groceries and dramshops, Digest 1845, declares, "that no person shall directly or indirectly, sell intoxicating liquors, without taking out a license as a grocer or dramshop-keeper."

By this last act, a grocer, being licensed, is permitted to sell intoxicating liquors in any quantity not less than a quart. No grocer, by this act, can sell any quantity less than a quart, nor shall he permit any intoxicating liquors, sold by him, to be drank at his grocery, or any place under his control.

A dramshop-keeper is a person permitted by law, being licensed according to the provisions of said act, to sell intoxicating liquors in any quantity less than a quart.

The same person may obtain license as a grocer, and also license as a dramshop-keeper, and carry on the business of both at the same time. By this statute, the grocer could not sell under a quart, nor the dramshop-keeper over a quart.

In 1846-7, the legislature declared by statute, amendatory to the act to regulate Inns and Taverns, approved March 18th, 1835, and which was adopted in the Digest of 1845, the first section of which I have quoted above in this opinion, that "no person, by virtue of any tavern license, shall be authorised to sell intoxicating liquors in any quantity less than one quart, nor in any quantity to be drank at the place of sale; but the county court of the proper county may grant to any tavern keeper a license to keep a dramshop, upon such applicant paying the tax and complying with the provisions of the law concerning dramshops. See acts of session, 1846-7, page 59. This last act was repealed in 1849. See acts 1849, page 56.

In 1848-9, the legislature amended the act concerning Inns and Taverns, in regard to the amount of tax for the license, and repealed the 7th and 8th sections of the law of 1845 on the same subject, but made no change in regard to the quantity nor necessity of license.

In 1849 the legislature passed an act amendatory of the act concerning groceries and dramshops, by which they declared, "that hereafter any dramshop-keeper shall be permitted to sell intoxicating liquors, in any quantity not exceeding ten gallons at any one time." This last mentioned statute altered the grocers and dramshop-keepers act of 1845 so far as to permit the dramshop-keepers to sell under his license any quantity not exceeding ten gallons, but he must still have a license in order to sell as a dramshop-keeper. The grocer's law remains, so far as respects the quantity permitted to be sold, the same as it was in 1845. The dramshop-keeper is now permitted to sell any quantity, not exceeding ten gallons, under his dramshop license; before he could not sell any quantity over a quart under his dramshop license.

From this general outline of our statutory law upon this subject, it is plainly to be seen, that a license is still necessary in order to carry on the business of a grocer, dramshop-keeper, or a tavern-keeper. A license is necessary to be obtained by any person who wishes to sell intoxicating liquors in a less quantity than one quart.

The indictment in this case, negatives the idea, that the defendant had any license of any kind authorizing him to sell intoxicating liquor in a less quantity than a quart. It avers that he did sell in a less quantity, namely one pint; that he had no license authorizing such sale. I am of the opinion the indictment is sufficient, and that the court below

committed no error in overruling the motions to quash the indictment, or in arrest of judgment.

The objection about the unconstitutionality of the statute requiring such license, before a person is permitted to sell intoxicating liquors, could not have been seriously made. We shall pass it by as unworthy of any further observation.

I have looked carefully into the other reasons assigned to arrest the judgment, and find them untenable; and the other judges concurring, the judgment below is affirmed.