THE STATE, Defendant in Error, v. SUTTON, Plaintiff in Error.

1. An indictment charging a sale by defendant of intoxicating liquors "without his then and there having a dram-shop keeper's license, inn-keeper's license, or any other legal authority to sell said intoxicating liquor at said place, in manner and form aforesaid, contrary," &c., sufficiently charges a want of authority to sell.

*Error to Newton Circuit Court.*

*Ewing*, (attorney general,) for the State.

RYLAND, Judge, delivered the opinion of the court.

The defendant was indicted for selling intoxicating liquor without license at a race track in Newton county. The indictment was found at the October term of the Circuit Court for Newton county, in the year 1855. The defendant appeared to the indictment, and moved to quash it, because it does not sufficiently deny legal authority in defendant to sell the liquor as charged in the indictment. The court overruled this motion; the defendant saved his point and tendered his bill of exceptions. Afterwards the defendant pleaded not guilty to the indictment, and was fined by the court twenty dollars. The record shows no motion in arrest of judgment. The defendant brings the case here by writ of error, and fails to appear in this court. This court however looks into the record in criminal cases without having errors assigned. We have done so in this case, and find the indictment sufficient, and therefore must affirm the judgment. The

indictment charges the selling of the intoxicating liquor by the defendant, and then makes the averment, "without his then and there having a dram-shop keeper's license, inn-keeper's license, or any other legal authority to sell said in-toxicating liquor at said place, in manner and form aforesaid, contrary," &c. We think the authority to sell is here suffi-ciently negatived, and that the court ruled properly in over-ruling defendant's motion to quash.

The court is not bound to quash indictments on motion *ex debito justiciæ*; and we have again and again condemned the practice of quashing indictments unless they be clearly bad. This defendant then, after his plea, should have moved in arrest of judgment, if he desired to raise the question again upon the sufficiency of the indictment. Notwithstanding, we have for his benefit looked into the record and found the in-dictment good. The judgment will therefore be affirmed; Judge Scott concurring.