THE STATE, Appellant, v. RUNYAN, Respondent.

1. An indictment charging that the defendant—who is not alleged to be a merchant—did at, &c., unlawfully sell to one F. intoxicating liquors, to-wit, one gallon and one quart, for the price of ten cents, without having any kind of license for that purpose," is bad.

*Appeal from Hickory Circuit Court.*

*Ewing,* (attorney general,) for the State.

I. The indictment is good. It is not necessary to aver more specifically the kind of liquor sold. (1 R. C. 1855, p. 683, sections 1, 2, of Dram-shop Act.) The offence consists in selling intoxicating liquor without a license. Under a dram-shop license, it may be sold in any quantity less than ten gallons; under a merchant's license in quantities not less than one gallon. " Any kind of license" is negatived in the indictment.

*Johnson,* for respondent.

I. The circuit court did right in sustaining the motion and quashing the indictment. The revised statute of Missouri took effect first of May, 1856; this indictment was found in November, 1856, and the alleged offence is charged to have been committed in July, 1856, at which time there was no law requiring a person to have a license of any kind whatever to sell one and a quarter gallons of intoxicating liquors. The dram-shop law was not violated, as the license to be obtained under that law only authorizes persons to sell intoxicating liquors in any quantity less than one gallon. (R. C. 1855, p. 683.) In order to make the party liable for violating the law to license and tax merchants, the indictment

should have charged that the defendant dealt in the selling of goods, wares and merchandise at a store, stand or place occupied for that purpose; for, under the law of Missouri, a man is not a merchant unless he deals at a store, stand or place occupied for that purpose. (See R. C. 1855, p. 1072.) Grocers' licenses are now similar to, or rather embraced under the head of, merchants' licenses. (See section 26 of the act last referred to.)

NAPTON, Judge, delivered the opinion of the court.

This indictment charges that the defendant " did then and there unlawfully sell to one Thomas I. Fisher intoxicating liquor, to-wit, one gallon and one quart, for the price of ten cents, without having any kind of license for that purpose." The indictment was quashed upon motion in the circuit court, and we think correctly. This indictment was found at the October term, 1856, of the circuit court of Hickory county, and consequently falls under the provisions of the revised statutes of 1855.

There is no averment that defendant was a merchant within the meaning of the first section of the act " to license and tax merchants" (2 R. C. 1855, p. 1072); nor is any breach of the first section of the act to regulate dram-shops (1 R. C. 1855, p. 683) alleged. We have not been referred to any provision of the code of 1855 prohibiting the sale of spirituous liquors in quantities exceeding a gallon without license, unless where the vendor is a merchant. The second section of the dram-shop law might be regarded as an implied prohibition were it not for the first section. The latter is a direct and positive prohibition, and yet would be entirely supererogatory if the second section should be held to bear the construction suggested.

The other judges concurring, judgment affirmed.