STATE OF MISSOURI, Defendant in Error, *v.* MICHAEL DUCLOS, Plaintiff in Error.

*Indictment—Limitations.*—An indictment for a felonious assault found at the May, term, 1864, charged that the offence was committed in May, 1860, and to avoid the limitation of three years, alleged the finding of an indictment at May term, 1860, which was quashed at the May term, 1864. *Held,* that the defect in stating the proceedings upon the previous indictment, did not tend to the prejudice of the rights of the defendant upon the merits, and that a motion to quash was properly overruled. (R. C. 1855, p. 1176, § 27, and R. C. 1855, p. 1211, § 29.)

| | |
|---|---|
| 35 | 237 |
| 56a | 412 |
| 35 | 237 |
| 95a | 69 |

*Error to Washington Circuit Court.*

*M. Conger,* for plaintiff in error.

The statute provides that no person shall be tried or pun-

16—VOL. XXXV.

ished for any felony, other than as specified in R. C. 1855, p. 1211, § 29, unless the indictment be found within three years from the commission of the offence. (R. C. 1855, p. 1211, § 26.) If the first indictment be quashed, the second should state the proceedings, with precision and certainty, had under the first, required in original proceedings. (2 Mo. 147.)

When the first indictment is quashed, the second should lay the offence on a day within the time limited by law for the prosecution of the offence; and on the trial the State should make it appear and show the facts which brings it within the statute of limitations. (2 Mo. 147.) The prisoner being discharged under the first indictment, was held to answer the second indictment after the grand jurors were sworn, thereby depriving the prisoner of his right of challenge, as provided in the R. C. 1855, p. 1167.

*S. Voullaire*, for defendant in error.

BAY, Judge, delivered the opinion of the court.

At the May term, 1864, of the Washington Circuit Court, defendant was indicted for a felonious assault upon one Simon O. Farrell, and at the same term tried and convicted. In due time he filed his motion in arrest of judgment, which being overruled, he prosecutes his writ of error. It is insisted by the defendant that the indictment is bad, and the court below erred in overruling the motion to quash. Under our statute no person can be tried, prosecuted or punished for an offence of this character, unless the indictment be found within three years after the commission of the offence; but when any indictment or prosecution shall be quashed, set aside, or reversed, the time during which the same was pending is not computed as part of the time of the limitation prescribed for the offence. (R. C. 1855, p. 1211.)

The indictment in this case charges the offence to have been committed on the 24th May, 1860, but states that the defendant was indicted at the May term, 1860, of the same

court, for the same offence, and that at the May term, 1864, the indictment was quashed.

It is contended by the prisoner's counsel that the latter allegation to prevent the bar of the statute of limitations is not made with sufficient certainty and precision, and he cites as authority an early case of this court (State v. English, 2 Mo. 147) in which it was held that the second indictment should state the proceedings under the first with all the certainty required in charging the commission of the offence; but since that decision the law-making power has been constantly striving to simplify, as far as is consistent with justice, the rules of criminal pleading; and it is now provided by statute that no indictment shall be deemed invalid, nor shall the trial, judgment or other proceedings therein be stayed, arrested, or in any manner affected by reason of any defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant upon the merits. (2 R. C. 1855, p. 1176, § 27.) In this case the failure to set out with more precision the proceedings with reference to the first indictment, could in no sense tend to the prejudice of the substantial rights of the defendant.

The judgment will be affirmed; the other judges concurring.