## STATE *vs.* DANIEL WALSH.

Under a statute which forbade the sale of intoxicating liquors . . . "except as provided in section 60 of said chapter 87," an indictment charged the sale and delivery and negatived the exception as follows : " Said sale and delivery aforesaid not there and then being as provided in section sixty of chapter eighty seven of the Public Statutes of said State, ' Of the suppression of intemperance.' "

*Held,* that the negative averment was sufficient.

EXCEPTIONS to the Court of Common Pleas.

*May* 23, 1884. DURFEE, C. J.   This case comes up on exceptions from the Court of Common Pleas, where the defendant was tried and convicted on an indictment for selling and for delivering intoxicating liquors to a minor in violation of Pub. Stat. R. I. cap. 87, § 17, as amended by Pub. Laws R. I. cap. 378, § 1, of April 13, 1883.   The section as amended provides that " every person who shall sell or suffer to be sold to any minor any intoxicating liquors, or who shall deliver or suffer to be delivered to any minor intoxicating liquors, except as provided in section 60 of said chapter 87, shall be fined," &c.   The indictment, after charging the sale and the delivery, negatives the exception in the words following, to wit: " Said sale and delivery aforesaid not there and then being as provided in section sixty of chapter eighty seven of the Public Statutes of said State, ' Of the suppression of intemperance.' "   The defendant after conviction moved in arrest of sentence for uncertainty or insufficiency in the indictment.   The court below overruled the motion and the defendant excepted.   The question is, Was the ruling correct ?   The defendant contends that the indictment is defective in the matter of the negative averment, which, he contends, instead of negativing the exception as above set forth by mere reference, should have alleged explicitly the provisions of section 60, which it undertakes to negative.   His contention is that there is no difference in this respect between a negative averment and the allegations which charge the offence, the same degree of technical fulness and particularity being required in both.   The position is not tenable, but as a rule any words which exclude the exception with certainty are sufficient. *State* v. *Keen*, 34 Me. 500.   In Massachusetts very great generality is allowed in a negative averment. *Commonwealth* v. *Wilson*,

11 Cush. 412; *Commonwealth* v. *Lafontaine*, 3 Gray, 479; *Commonwealth* v. *Conant*, 6 Gray, 482; *Commonwealth* v. *Harrison*, 11 Gray, 310. See, also, *State* v. *Sutton*, 25 Mo. 300; 1 Bishop on Criminal Procedure, § 641. We are of the opinion that in the indictment here the exception was sufficiently negatived.

*Exceptions overruled.*

*Samuel P. Colt*, Attorney General, for plaintiff.
*Charles E. Gorman & Hugh J. Carroll*, for defendant.