STATE OF MISSOURI, Respondent, v. JOHN W. RYAN, Appellant.

Kansas City Court of Appeals, April 5, 1888.

1. CRIMINAL LAW—INDICTMENT—AVERMENTS OF AS TO SELLING LIQUOR WITHOUT LICENSE—CASE ADJUDGED.—Where the allegation of an indictment for selling liquor without a license is, as in this case, "in quantities less than five gallons," the indictment is not good for selling, etc., as a dram-shop keeper, for the reason that it is not charged in terms that the quantity sold was less than one gallon.

2. ——— ——— SALE OF LIQUORS BY MERCHANTS—CONSTRUCTION OF STATUTE—(LAWS OF MO., 1887, P. 217).—The statute prohibiting the sale of liquors in less quantities than five gallons is leveled against merchants as such. The indictment, in such a case, should indicate on its face that the party charged is a merchant as defined by the statute.

APPEAL from Platte Circuit Court, HON. JAMES M. SANDUSKY, Judge.

*Reversed, and defendant discharged.*

The case is stated in the opinion.

A. D. BURNES and JAS. W. COBURN, for the appellant.

I.   The indictment was drawn under the merchants' act; it charged a sale of less than five gallons, but failed to charge that defendant was a merchant, an essential ingredient of the offence.   Sess. Acts of 1887, p. 217; *State v. Fanning*, 38 Mo. 409; Bishop Statutory Crimes, sec. 1034.

II.   The indictment was not good under the dramshop law, as it failed to charge a sale of less than one gallon.   *State v. Runyan*, 26 Mo. 167.

III.   It was error, after the first sale was proved, to permit other witnesses to testify to other sales.   The state

should have been restricted in its evidence to the first sale proved by the first witness Turner. And permitting the state to elect to try on the evidence of the last witness Chinn, to an entirely different sale from the one first shown, was also error. Kelley's Crim. Prac., sec. 913 ; Bishop's Crim. Proc. (3 Ed.) sec. 461, and cases cited ; *People v. Janness*, 5 Mich. 305, 327 ; *People v. Hopson*, 1 Denio, 574 ; *Lovell v. State*, 12 Ind. 18 ; *Mershon v. State*, 51 Ind. 14 ; *Hughes v. State*, 35 Ala. 351 ; *Elam v. State*, 26 Ala. 48 ; 2 Greenl. Evid., sec. 86 ; *Cochran v. State*, 30 Ala. 542 ; *Smith v. State*, 52 Ala. 384 ; *State v. Czarnikow*, 20 Ark. 160 ; *State v. Smith*, 22 Vt. 74 ; *State v. Croteau*, 23 Vt. 14 ; *Commonwealth v. O'Connor*, 107 Mass. 219.

IV.    The first instruction was based on a violation of the dram-shop act, whereas no violation of that act was charged ; there was no allegation in the indictment of a sale of less than one gallon. *State v. Fanning*, 38 Mo. 409 ; Bishop Stat. Crimes, sec. 1034 ; *State v. Runyan*, 26 Mo. 167. The third instruction erroneously declared that a sale of five gallons to be delivered in quantities less than one gallon was a violation of the law ; and it did not leave the question whether such sale was a violation or evasion of the law to the jury. *State v. Clark*, 18 Mo. App. 531. The fourth instruction was erroneous in declaring that a delivery in a less quantity than five gallons was an evasion of the law, and in not submitting the question of the evasion to the jury.    And it is further erroneous in authorizing a conviction for a violation of the merchants' law, the previous instructions being based on a violation of the dram-shop law.

No brief for the state.

Philips, P. J.—The defendant was indicted and convicted for selling intoxicating liquor without a license. The indictment charges, that on the thirtieth day of June, 1887, the defendant unlawfully sold to a person

unknown "intoxicating liquor, in certain quantities less than five gallons, to-wit, one pint of whiskey for five cents, one pint of brandy for five cents, one pint of wine for five cents, one pint of beer for five cents, etc., without taking out a license as a dram-shop keeper, without being a dealer in drugs and medicines, and without having any license or legal authority to authorize him so to do, against the peace," etc. To this indictment defendant demurred on the following grounds: (1) That the indictment does not charge defendant with any offence under the laws of this state; (2) that the indictment does not charge defendant with making sales as a merchant; (3) that the offence charged—selling intoxicating liquor—is applicable only to dram-shop keepers, and defendant is not charged as a dram-shop keeper; (4) that if it was intended to charge defendant with illegal sales as a merchant then the language of the statute, "selling vinous, fermented, or spirituous" liquors, is not used.

The demurrer was overruled. Defendant was found guilty and fined forty dollars.

I. This indictment is not good for selling liquor without a license as a dram-shop keeper, for the palpable reason that it is not charged in terms that the quantity sold was *less than one gallon;* but the allegation is "not less than *five gallons.*" Rev. Stat., sec. 5436; *State v. Runyan*, 26 Mo. 167; Kelley's Crim. Prac., sec. 913.

II. The statute prohibiting the sale of liquors in less quantities than five gallons is leveled against merchants, as such. Laws 1887, p. 217. "No such license (merchant's license) shall authorize any merchant to sell vinous, fermented, or spirituous liquors in any quantities, to be drank at his store, stand, or warehouse, or other place of business, nor in any quantity less than five gallons, for any purpose whatever. Any merchant who shall violate any of the provisions of this section

shall be deemed guilty of a misdemeanor, and on conviction shall, for the first offence, be fined not less than one hundred nor more than five hundred dollars, or by imprisonment in the county jail not less than three nor more than six months." This act was in force at the time the alleged offence was committed, and it must govern this case so far as it applies to a merchant. *State v. McBride*, 64 Mo. 370. As the prohibition is directed against merchants, as such, and the minimum quantity they may sell being five gallons, with a special penalty distinct from that attached to other offenders, the indictment should indicate on its face that the party charged is a merchant, as defined by statute. Rev. Stat., sec. 6313; *State v. Runyan, supra.*

Had the indictment alleged that the quantity sold was less than one gallon, the general words negativing the existence of any license or lawful authority so to do might have been sufficient to catch the defendant, as the proof of a sale in less quantity than one gallon would have compelled him to show a license as a dram-shop keeper, or other license therefor. *State v. Wiaham*, 15 Mo. 503; *State v. Owens*, 15 Mo. 506; *State v. Sutton*, 25 Mo. 300; *State v. Suess*, 20 Mo. App. 425.

As illustrative of the uncertainty and inadmissibility of an indictment in this form, the fine assessed by the jury shows that defendant was not convicted as a merchant, for the fine assessed was forty dollars, whereas the lowest fine permitted by the statute against merchants is one hundred dollars. Evidently he was convicted for selling without having a dram-shop license, and an indictment to sustain such conviction must charge that defendant sold in less quantity than one gallon. The allegation that he sold one pint would not be sufficient without alleging in a quantity less than one gallon. *State v. Fanning*, 38 Mo. 409; *State v. Cox*, 29 Mo. 475.

The demurrer to the indictment should have been sustained, as also the motion in arrest of judgment. The judgment is reversed, and the defendant discharged. All concur.