THE STATE OF MISSOURI, Respondent, v. HENRY SHAFER, Appellant.

Kansas City Court of Appeals, December 4, 1899.

Selling Liquor: SUFFICIENCY OF INDICTMENT: PLEA OF GUILTY. An indictment for selling liquor which charges that the defendant being then and there a merchant, etc., sufficiently charges that he was indicated as a merchant. It is not required to set out the facts constituting him a merchant, especially where he pleads guilty as charged in the indictment.

Appeal from the DeKalb Circuit Court.—*Hon. W. S. Herndon*, Judge.

AFFIRMED.

*Hewitt & Blair* for appellant.

(1) If being evident that the indictment was drawn under chapter 111, Revised Statutes 1889, it is insufficient and the judgment can not be permitted to stand because it fails to

show upon its face that appellant is a merchant as defined by statute, section 6894, Revised Statutes 1889. State v. Runyan, 26 Mo. 167; State v. Ryan, 30 Mo. App. 159 and cases cited; State v. Cox, 32 Mo. 566; State v. Willis, 37 Mo. side page 193 (122); State v. Jacobs, 38 Mo. side page 379 (234). (2) Section 6915, chapter 111, Revised Statutes 1889 is leveled at licensed merchants. The essence of the offense is the selling of vinous, fermented or spirituous liquors, being at the time a licensed merchant. State v. Whittaker, 33 Mo. 459; State v. West, 34 Mo. 425; St. Louis v. Sternberg, 69 Mo. 303; State v. Williams, 69 Mo. App. 286; State v. Gibson, 61 Mo. App. 368. (3) There being neither allegation, proof nor admission within the four corners of the record that defendant was a licensed merchant at the date of the sale, the fact is fatal, there being nothing upon which to base or to sustain the judgment. The gravamen of the offense, under chapter 111, Revised Statutes 1889, consists in selling vinous, fermented or spirituous liquors in less quantities than five gallons, while holding a merchant's license, section 6915, R. S. 1889. 1 Bishop's New Crim. Law, secs. 77-88; State v. Fanning, 38 Mo. 409; State v. Ryan, 30 Mo. App. 159; State v. Williams, 69 Mo. App. 284-286; State v. Alexander, 56 Mo. 131; State v. Randall, 73 Mo. App. 464.

*Frank Costello* and *Mack Roberts* for respondent.

(1) The indictment in the case at bar is for a violation of section 6915, Revised Statutes 1889, and since the term merchant is defined by statute it is unnecessary to incorporate the definition as a charge in the indictment. (2) The appellant further insists that the indictment fails to allege that the defendant was a licensed merchant. The indictment makes use of this language, "being then and there a merchant and dealer in drugs and merchandise, did," etc. The law recognizes only those as merchants who have merchant's licenses, and chapter

111, Revised Statutes, section 6915 contemplated licensed merchants because without a license one would not be a merchant and would be amenable to the dramshop law. State v. Carnahan, 63 Mo. App. 246 and State v. Goff, 66 Mo. App. 493. (3) The indictment substantially follows in form the indictment held good in State v. Ford, 47 Mo. App. 601. There has been no defect or imperfection that tends to prejudice the substantial rights of the defendant. Sec. 4115, R. S. 1889.

GILL, J.—Defendant was indicted as a merchant for selling intoxicating liquors in less quantity than five gallons, contrary to section 6915, Revised Statutes 1889. It seems that defendant first moved to quash the indictment, but for what reason does not appear. Subsequently, however, as the record shows, defendant appeared in open court, withdrew his motion to quash and entered a plea of guilty—the record reading: "Now comes the prosecuting attorney for the state, and also comes the defendant herein, in person and in presence of his attorneys and counsel, and in open court pleads guilty to selling liquor without taking out or having a license as a dramshop keeper, as charged in the indictment." And thereupon the court imposed a fine of $100.00, and from a judgment therefor—a motion in arrest being filed and overruled—defendant has appealed.

The indictment is attacked on the alleged ground that it failed to show upon its face that defendant was a licensed merchant as defined by the statute. We think the objection not well taken. The indictment charges that on a certain day in DeKalb county "one Henry Shafer being then and there a merchant and dealer in drugs and merchandise did then and there unlawfully sell to Fred Dill, vinous, fermented and spirituous liquor in less quantity than five gallons, to wit," etc. While now it is true that the indictment does not set out the statutory definition of a merchant or that he was licensed as such, yet it declares against the defendant as a merchant.

This was sufficient.   When it came to trying the case it may have been necessary, as a matter of evidence, to prove that defendant filled the statutory definition of merchant; still, as was said in State v. Carnahan, 63 Mo. App. 244, "it does not follow that such matter of evidence need be alleged in the indictment."  · The authorities cited by defendant's counsel have no bearing on the question here presented.

More than this, the defendant pleaded guilty "as charged in the indictment."  It may be well contended that thereby defendant confessed that he was a merchant as defined by the statute, and that as such he violated the law.   For under section 6915, as a merchant he was enjoined not to sell liquors in any quantity less than five gallons for any purpose whatever.

There is no merit in the appeal and the judgment will be affirmed.   All concur.