## STATE OF MISSOURI, Respondent, v. G. STOCK et al., Appellants.

### Kansas City Court of Appeals, May 5, 1902.

1. **Criminal Law: INDICTMENT: MERCHANT: SELLING LIQUOR.** In an indictment against a merchant for selling liquor, it is sufficient to aver that he is a merchant without adding that he deals in goods, wares, etc.

2. ——: ——: ——: ——: **EVIDENCE.** An indictment against a merchant for selling liquor should charge him as a merchant, since the penalty provided by statute is peculiar to him; but if such averment is defective it may be aided by evidence.

3. ——: ——: ——: **LICENSES.** Such an indictment need not allege that the defendants were licensed as individuals or as a co-partnership.

4. ——: **SELLING LIQUOR: INDICTMENT: EVIDENCE: PRACTICE: INSTRUCTIONS:** Where an indictment is against co-partners, who were admittedly jointly guilty, they can not object for the first time in the appellate court that evidence of separate sales by each was admitted, especially where they are admittedly guilty as individuals, and the court is not required sua sponte to instruct that if the evidence shows separate sales the defendants should be acquitted.

Appeal from Cass Circuit Court.—*Hon. Wm. L. Jarrott*, Judge.

AFFIRMED.

*G. M. Summers* and *W. D. Summers* for appellant.

(1)  The indictment is defective; it charges no crime.   (2)   If they had separate licenses or were run-

ning separate stores, then they could not be jointly charged. The statement of facts says they made "joint and separate sales" and we can't tell which the jury convicted them of. R. S. 1899, sec. 8540; State v. Martin, 5 Mo. 362; State v. Brown, 8 Mo. 211; State v. Cox, 32 Mo. 566; State v. Richeson, 45 Mo. 575; State v. Ford, 47 Mo. App. 601; State v. West, 34 Mo. 424. (3) Where an indictment is founded on a statute creating an offense unknown to the common law, it must set forth all the constituent facts and circumstances necessary to bring the accused fully within the terms and provisions of the same. State v. Alexander, 73 Mo. App. 607; State v. Arter, 65 Mo. 653; State v. Hesseltine, 130 Mo. 468; State v. Rafter, 62 Mo. App. 101; State v. Piper, 41 Mo. App. 160; State v. Harris, 34 Mo. 347; Bishop on Statutory Crimes, secs. 418, 421, 422. (4) Two persons can not be indicted jointly and severally and convicted for committing the same offense. Vaughn v. State, 4 Mo. 530; State v. Daubert, 42 Mo. 242; State v. Bridges, 24 Mo. 353-8; State v. Green, 24 Mo. App. 227; State v. Smith, 37 Mo. 58. (5) Where the sale was not in law nor in fact joint, the indictment should not be so. Bishop on Statutory Crimes, sec. 1045; State v. Edwards, 60 Mo. 490. (6) The court erred in not instructing on all points of law arising in the case. R. S. 1899, sec. 2627, amended by Ses. Acts 1901, p. 140; State v. Banks, 73 Mo. 592; State v. Branstetter, 65 Mo. 155; State v. Stonum, 62 Mo. 596; State v. Taylor, 118 Mo. 153; State v. Palmer, 88 Mo. 568.

*Edward O. Jackson* and *Jerry Culbertson* for respondents.

(1) The indictment is sufficient, and is correctly drawn to cover the offense charged. Sec. 8563, R. S. 1899; State v. Ford, 47 Mo. App. 601; State v. Alexander, 73 Mo. App. 606; State v. Piper, 41 Mo. App.

160; State v. Williams, 69 Mo. App. 284; State v. Rafter, 62 Mo. App. 101. (2) It is not necessary to state the name of the person to whom the liquor was sold, nor the place where it was sold. State v. Ladd, 15 Mo. 430; State v. Miller, 24 Mo. 532; State v. Fanning, 38 Mo. 359; State v. Rogers, 39 Mo. 431; State v. Jaques, 68 Mo. 260; State v. Elam, 21 Mo. App. 290; State v. Gibson, 61 Mo. App. 368. (3) Persons may be jointly indicted for selling liquor without license, or for any offense which may be committed by several. In such indictment it is not necessary to allege that such offenders were partners, there being no partnership in crime. Where several are jointly indicted, the punishment of each shall be separately assessed. Rex v. Benfield, 2 Burr. 980; State v. Gay, 10 Mo. 441; State v. Edwards, 60 Mo. 490; State v. Presbury, 13 Mo. 241; State v. Murphy, 47 Mo. 274, overruling Vaughn v. State, 4 Mo. 530.

SMITH, P. J.—The indictment alleged that defendants then and there "being merchants and having a merchant's license, for dealing in goods, wares and merchandise, did then and there unlawfully sell fermented liquors in less quantity than five gallons, to-wit: one pint of beer, one pint of fermented liquor called 'Hop Tea,' they, the said G. Stock and H. A. Stock, then and there, not having a dramshop-keeper's license or any other authority therefor, against," etc.

I. The sufficiency of the said indictment is questioned by the defendants on the ground that it is nowhere therein charged that they dealt in goods, wares and merchandise. The indictment alleges that the defendants were merchants. Every person or co-partnership of persons who shall deal in selling goods, wares and merchandise, etc., is declared to be a merchant (sec. 8540; R. S.). A merchant, under other sections of the statute, is required to give bond and obtain a license to carry on his business. Section 8563 de-

clares that no such license shall authorize any merchant to sell any vinous, fermented or spiritous liquors in any quantity less than five gallons, for any purpose whatever. The allegation, therefore, that the defendants were merchants, was a sufficient allegation of the fact that they dealt in—or were dealers in goods, wares and merchandise.

As the statutory prohibition (sec. 8563, R. S. 1899) is directed against merchants as such, and the minimum quantity they may sell being five gallons, with a special penalty distinct from that attached to other offenders, the indictment should indicate on its face that the party charged is a merchant as defined by statute. State v. Runyan, 26 Mo. 167; State v. Ryan, 30 Mo. App. 159. But if the indictment did not, on its face, sufficiently allege that the defendants were merchants, still as this fact was well proved at the trial, under State v. Shafer, 82 Mo. App. 58, the defective allegation, if such it was, was thereby aided.

II. The defendants further assail the indictment on the ground that it does not therein allege whether the defendants were licensed as individuals or as "a co-partnership of persons." It seems to us that no such an allegation is required in order to charge an offense against the statute (section 8563). If the defendants were carrying on the business of merchants under their license, and while so doing they made a sale of vinous, fermented or spiritous liquor in a less quantity than five gallons, it is difficult to see why they did not offend against the statute whether their license was to them as partners or jointly to them without specifying their relation *inter se*. It is for the abuse of the privilege conferred by the license that the statute intends to punish.

It is admitted that the defendants made the joint sale as alleged in the indictment, so that the evidence was ample to justify the verdict of the jury.

But it is contended that the evidence went further

and showed that each of the defendants made sales when the other was away, and that such evidence did not, of itself, authorize a conviction under the indictment. It is a sufficient answer to this contention to say that if evidence of separate sales was introduced without objections, it is now too late to object to it even if it was improper.

Even if evidence of separate sales was received, it would seem that under the ruling made in State v. Edwards, 60 Mo. 490, it would have been sufficient, if there had been no other evidence, in a case like this, to uphold the conviction under the joint indictment. The defendants are each admittedly guilty, and could have been convicted under separate indictments.

We are not of the opinion that the omission of the court *sua sponte* to instruct the jury that if they found the defendants made separate sales, that they should be acquitted, was error, or if so, it was not harmful to defendants on the merits. State v. Stubblefield, 32 Mo. 563; State v. Duclos, 35 Mo. 237; State v. Willis, 37 Mo. 192; State v. Edwards, ante.

The defendants were fairly tried and convicted, and accordingly the judgment will be affirmed. All concur.