STATE OF MISSOURI, Respondent, v. LOUIS RENKARD, Appellant.

St. Louis Court of Appeals, October 1, 1910.

1. CRIMES AND PUNISHMENTS: Selling Cocaine: Indictments and Informations: Sufficiency. Under Laws 1905, p. 145, forbidding the sale of cocaine except upon the written prescription of a physician, licensed under the laws of the state, an information charging a sale of cocaine without a written prescription prescribing its use for the purchaser, a person named in the information, will not sustain a conviction, because of its omission to negative the idea that the cocaine may have been prescribed for some other person than the one named in the information.

2. ———: Indictments and Informations: Sufficiency. In a criminal prosecution, all presumptions go in favor of innocence, and it devolves upon the pleader to set forth a charge which will bring the defendant clearly within the terms of the statute.

State v. Renkard.

3. ————: ————: Pleading Exceptions and Provisos. Where there is an exception or proviso in the same clause or section of the statute that creates the offense and which enters into and becomes a part of the description of the offense or is a material qualification of the language defining or creating it, an information charging an offense under the statute must show by proper negative averment that the accused is not within such exception or proviso.

Appeal from St. Louis Court of Criminal Correction. —*Hon. Wilson A. Taylor,* Judge.

REVERSED.

*H. D. McCorkle* and *Sheridan Webster* for appellant.

The information charges that defendant willfully and unlawfully retailed and sold cocaine without the written prescription of a legally authorized physician or dentist, licensed under the laws of Missouri, prescribing the use of said cocaine for said John Jackson. This information does not charge an offense under the law. The written prescription issued by a licensed physician or licensed dentist might prescribe the use of cocaine for: (a) Any other person. (b) Any animal, as it is frequently used by veterinary surgeons. (c) For manufacturer's purposes, into salves, household eyewater, and numerous other compounds. Yet this information would place all of these in the category of willful and unlawful sales, and leave only the single instance of a sale under a written prescription, prescribing the use of the cocaine for the said John Jackson, as a lawful sale. This improper and illegal narrowing and limiting of the use of said cocaine is fatal, and the information charges no crime under the law.

*Philips W. Moss* for respondent.

NORTONI, J.—Defendant, a druggist, was convicted of the offense of selling cocaine without first

having a written prescription of a licensed physician prescribing its use for the person named in the indictment, and appeals from that judgment.

The statute under which the conviction was had is as follows:

"It shall not be lawful for any druggist or other person to retail or sell or to give away any cocaine, hydrochlorate or other salt of or any compound of cocaine, or preparation containing cocaine, or any salt (s) of or any compound thereof, excepting upon the written prescription of a licensed physician or licensed dentist, licensed under the laws of the state, which prescription shall only be filled once: Provided, That the provisions of this section shall not apply to sales in the usual quantities at wholesale by any manufacturer or wholesale dealer when such manufacturer or wholesale dealer shall have affixed to the box, bottle or package containing such cocaine, hydro-chlorate or other salt or compound of cocaine or preparation containing cocaine, a label specifically setting forth the proportion of cocaine contained in any preparation." [Sec. 3044, An. St. Mo. 1906.] See Laws of Missouri 1905, p. 145.

The succeeding section provides a fine or jail sentence, or both, as a penalty for violation.

It is to be noted that the statute denounces the act of a druggist in selling cocaine as therein indicated in all cases except upon the written prescription of a licensed physician, or licensed dentist, licensed under the laws of the state; but nothing therein requires that the cocaine must be prescribed for the use of any particular person. The information preferred against this defendant is insufficient to support a conviction under the statute quoted, for though it avers the cocaine was not prescribed for the use of John Jackson, it omits to negative the idea that the cocaine may have been prescribed by a duly licensed physician or dentist for some other person, in which event the statute does

not denounce the act of the druggist in making the sale. The information avers that defendant "did willfully and unlawfully retail, sell and give away to one John Jackson two grains of cocaine, and hydro-chlorate of cocaine, and salt of cocaine, commonly called cocaine, without then and there having the written prescription from a legally authorized physician or dentist, licensed under the laws of this state, *prescribing the use of said cocaine for said John Jackson,* said cocaine being not then and there sold at wholesale by the said Louis Renkard as a wholesale merchant, manufacturer or wholesale dealer, contrary," etc.

By reference to the statute above quoted, it will be observed that in the enacting clause and as parcel of the description of the offense there exists an exception which permits the druggist to sell cocaine upon the written prescription of a licensed physician or licensed dentist licensed under the laws of the state. As we understand the criminal law, all presumptions go in favor of innocence, and it devolves upon the pleader to set forth a charge which will bring the defendant clearly within the terms of the statute. It is the rule that where there is an exception or proviso in the same clause or section of the statute which creates the offense and which enters into and becomes a part of the description of the offense or is a material qualification of the language defining or creating it, the information must show by proper negative averments that the accused, or subject of the indictment, does not come within such exception or proviso. [Kelley's Criminal Law and Practice (Ed. 1892), sec. 193; State v. Crenshaw, 41 Mo. App. 24; State v. Brown, 8 Mo. 210; State v. Haden, 15 Mo. 447; Neales v. State, 10 Mo. 498; State v. Runyan, 26 Mo. 167.]

Under the statute quoted, it was competent for defendant to sell John Jackson cocaine on the prescription of a regularly licensed physician or dentist even though it were not prescribed for the use of said

Jackson, and unless the indictment negatives every hypothesis under which it may be sold without impinging the statute, the presumption of innocence obtains in the defendant's favor, for nothing may be taken by intendment. The information should have been more general in the scope of its averment and charged that defendant sold the cocaine to Jackson without a prescription from a licensed physician or dentist licensed under the laws of this state. By confining the averment to a sale without a prescription prescribing the use of cocaine for John Jackson, the law implies in favor of innocence, that a proper prescription was had prescribing the remedy for some other person on which it was competent for the druggist to sell. The judgment should be reversed. It is so ordered. All concur.