## STATE OF MISSOURI, Respondent, v. R. R. HESSE, Appellant.

St. Louis Court of Appeals. Submitted on Briefs June 8, 1916.
Opinion Filed July 5, 1916.

1. **DRUGS: Illegal Sale of Cocaine: Applicability of Statute to Physicians and Dentists.** Sec. 5786, R. S. 1909, prior to its amendment in 1915, making it unlawful for any druggist or other person to retail or sell or give away any cocaine, except upon the written prescription of a licensed physician or dentist, was not intended to cover cases of a physician or dentist selling and delivering cocaine in the course of his practice and in his treatment of a patient.

2. ———: ———: **Sufficiency of Evidence.** In a prosecution for illegally selling cocaine, in violation of Sec. 5786, R. S. 1909, evidence *held* sufficient to warrant a conviction.

3. **CRIMES AND PUNISHMENTS: Appellate Practice: Conclusiveness of Verdict.** In a criminal prosecution, the weight of conflicting evidence is for the jury, and where a conviction is warranted by positive and affirmative testimony, the appellate court will not interfere.

4. **DRUGS: Illegal Sale of Cocaine: Sufficiency of Indictment.** An indictment charging that defendant at, etc., willfully and unlawfully retailed, sold and gave away to a named person, a quantity of cocaine, without then and there having a written prescription from a legally authorized physician or dentist, and that it was not sold by defendant at wholesale, against etc., sufficiently charges an offense under Sec. 5786, R. S. 1909, as it stood before its amendment in 1915.

5. ———: ———: **Local Prejudice: Sufficiency of Showing.** In a prosecution for selling cocaine, where the evidence for the State, if believed, warranted a conviction and the punishment inflicted was only a fine of $35, *held* that there was nothing to show that the conviction was the result of passion and prejudice or local feeling in a county in which the Local Option Law was in force.

Appeal from Scotland Circuit Court.—*Hon. N. M. Pettingill,* Judge.

AFFIRMED.

*Lewis Myers* for appellant.

(1) The information was fatally defective and stated no offense. Sec. 5786, R. S. 1909; State v. Rink-

ard, 150 Mo. App. 570; State v. Crenshaw, 41 Mo. App. 24; State v. Haden, 15 Mo. 447; State v. Runyan, 26 Mo. 167; Kelley's Criminal Law (3 Ed.), sec. 193. (2) The court should have set aside the verdict of the jury, and granted defendant a new trial on the grounds of prejudice and passion. State v. Castor, 93 Mo. 242; State v. Primm, 98 Mo. 368; State v. Jaeger, 66 Mo. 173; sec. 2688, R. S. 1899. (3) Because the verdict of the jury was against the law and the evidence. State v. Huff, 161 Mo. 487; State v. Prendill, 165 Mo. 329. (4) This court ought to set aside the judgment because the evidence was overwhelmingly in favor of defendant. State v. Jaeger, 66 Mo. 179; State v. Packwood, 26 Mo. 340; State v. Burgdorf, 53 Mo. 65; State v. Brosius, 39 Mo. 634; State v. McNamara, 100 Mo. 117.

*H. V. Smoot* for respondent.

REYNOLDS, P. J.—The prosecuting attorney of Scotland county, on March 5, 1913, and during the vacation of the court, exhibited an information against one R. R. Hesse for violation of section 5786, Revised Statutes 1909, as that statute stood prior to the amendment of 1915, charging that Hesse, on or about January 1, 1913, at and in the county of Scotland, State of Missouri, "did wilfully and unlawfully retail, sell and give away to one Silas Forrester two grains of cocaine, hydro chlorate of cocaine and salt of cocaine, commonly called cocaine, without then and there having a written prescription from a legally authorized physician or dentist, said cocaine being not then and there sold at wholesale by the said R. R. Hesse as a wholesale merchant, manufacturer or wholesale dealer, against the peace and dignity of the State."

The cause was returnable to the May term, 1913, of the court but was passed to the November term and the defendant was arraigned and pleaded not guilty. A jury being impanelled and duly sworn, the evidence was heard and the jury returned a verdict of guilty, imposing a fine of $35. From this, interposing a motion for

new trial as well as one in arrest, defendant has duly appealed to our court.

There are three assignments of error.

The first is to the action of the court in not giving defendant's instruction to the jury to find defendant not guilty. That instruction was properly refused. It appears by the evidence that defendant was a licensed and practicing physician, keeping his office in his residence at Memphis, Scotland county, this State, and keeping the drug there in quantities and supplying Forrester out of his own stock, delivering it to him at his house or on the street, or at other places.

Forrester, a young man of about twenty, testified that he had become addicted to the use of cocaine—had become what is commonly called a "dope fiend." He testified that on several occasions he had bought the drug from defendant in quantities of two or more grains at a time in the form of powder or capsules, it is not clear which, and had pulverized it and snuffed it up; that he had been cured of his disease some time before, was not then suffering from it and did not buy or take the drug for the cure of any disease but to gratify his passion for the drug; was not now using the drug.

The defendant testified very positively that he had only sold or given the drug to Forrester in good faith in the treatment of a disease with which he claimed Forrester was afflicted. Two or more physicians testified that cocaine was a known remedy for the disease for which defendant claimed he had prescribed and furnished it to Forrester.

While it is true that section 5786 makes it unlawful for a druggist or other person to retail or sell or give away any cocaine, etc., except upon the written prescription of a licensed physician or licensed dentist, physicians or dentists prescribing, using and selling and delivering cocaine in the course of their practice and treatment of a patient, are not, in terms, excepted from the provision of the law. It cannot be questioned, however, that this section was not intended to cover any case of that kind. It was in the light of this interpreta-

tion of the law that the learned trial court very properly
admitted testimony offered on the part of defendant,
tending to show that the cocaine which he admitted he
had given or sold Forrester, was prescribed by him as
a physician in the course of his treatment of Forrester
and that having the drug on hand he, prescribing it and
delivering it, charged for it, sold it.  As touching this
defense the court told the jury that if they found from
the evidence that the defendant as a legally registered
practitioner of medicine was treating Forrester and that
the cocaine he gave Forrester was in good faith pre-
scribed for him by defendant as a medicine, then it
would find defendant not guilty.  It further instructed
the jury that it being admitted that defendant is legal-
ly registered and authorized to practice medicine, if
the jury believed from the evidence that Forrester ap-
plied to defendant for treatment for a disease named,
and that defendant did treat him for that disease and
used cocaine in his treatment for the disease, and that
cocaine was a proper medicine in treating that disease,
the jury are instructed that it was not necessary for de-
fendant to procure a prescription from any physician
or dentist before he could furnish Forrester with the
cocaine.  Both these instructions were given at the in-
stance of defendant, those for the State embodying the
same idea although not as fully.  With the evidence be-
fore it and under the law as given to it by the court,
the question as to the character in which defendant was
acting when he gave or sold this cocaine to Forrester
and his good faith in the matter, it being admitted by
defendant that he had given cocaine to Forrester, left
it as a matter of fact for the determination of the jury.
The verdict arrived at by them in finding the defendant
guilty was therefore warranted by positive, affirmative,
testimony in the case; that testimony contradicted, it
is true, but its effect—the conclusion on it—being for
the jury with whose verdict, we, as an appellate court,
cannot interfere.

It is next assigned that the information failed to
state any offense against defendant.  The principal case

relied on for this is State v. Renkard, 150 Mo. App. 570. 131 S. W. 168. Comparing the information before us with the one which was before our court in the Renkard case, it is apparent that the information here is not subject to the objection made and sustained to the one before our court in the Renkard case. In point of fact, it complies with exactly what our court held in that case was necessary to constitute a good information.

It is next assigned as error and argued that the verdict should be set aside and defendant granted a new trial on the ground of prejudice and passion. We find no ground to sustain this. As previously remarked, there is ample evidence in the case on which the jury could arrive at its verdict. In point of fact, if the jury believed the prosecuting witnesss, as it evidently did, it is difficult to see how it could have arrived at any other verdict.

This disposes of the next assignment of error to the effect that the verdict was against the law and the evidence and that the evidence was overwhelmingly in favor of defendant. We do not find either of these assignments to be maintainable. The weight of the evidence was for the jury and the trial court.

It is urged that the verdict is the result of prejudice and was brought about by local feeling in a county in which the Local Option Law was in force. We see no evidence of any such prejudice in the verdict. The evidence for the State of a violation of the law against the sale of cocaine is clear. No offense is more subversive of good morals and health than the indiscriminate sale, especially to young men, of this drug. If the jury believed this, as they surely did, the verdict is fully warranted, and the punishment inflicted very mild, giving no evidence of prejudice or passion.

Finally, it is asserted that the State failed to prove that the offense was committed in this State. Counsel is in error as to this. That fact was proven.

The judgment of the circuit court is affirmed. *Nortoni* and *Allen, JJ.,* concur.