State v. Rob. Fanning.

STATE OF MISSOURI, Respondent, *v.* ROBERT FANNING, Appellant.

38 409
36a 25
36a 381
38 409
52a 393
38 409
56a 409
56a 424
38 409
62a 234

*Criminal Practice—Indictment—Dram-shop.* — An indictment for selling intoxicating liquors without having a dram-shop licence, must charge that the defendant sold the liquor in less quantity than one gallon. It is not sufficient to allege that he sold one pint. The gist of the offence is the selling a smaller quantity than one gallon.

*Appeal from Dade Circuit Court.*

*T. A. Sherwood,* for appellant.

Attorney General, for respondent.

The reason assigned on the motion to quash and in arrest of judgment, that the indictment does not charge that the liquor was sold in a less quantity than one quart, is untrue in fact; the indictment expressly charges the quantity to have been *one pint.* The indictment is for a violation of § 1, ch. 57, R. C. 1855. p. 683, and sufficiently charges an offence under the same. The fact that the accused may have been privileged to sell the liquor by virtue of some other statute is not necessary to be negatived in an indictment under this section—State v. Buford, 10 Mo. 703; 15 Mo. 430; 24 Mo. 363 & 532.

The well settled rule is that it is only necessary to charge the offence in the words of the act, and to show such acts as are necessary to constitute the offence, negativing only such exceptions as are included in the clause creating the offence. All other justifications or excuses must be pleaded and shown by the accused.

HOLMES, Judge, delivered the opinion of the court.

The indictment charged the defendant with "unlawfully selling a large quantity of intoxicating liquors, to-wit, one pint of whiskey, without then and there having a dram-shop licence, or any other legal authority." This indictment does not even pursue the language of the statute. The gravamen of the offence consists in selling intoxicating liquors in a less

quantity than one gallon. It may be true that he sold a pint, but as a part of the larger quantity alleged to have been sold. This is a greater laxity in pleading than can be allowed. The exact quantity is immaterial, provided it be a less quantity than one gallon; but this fact should be distinctly averred, as well as the quantity sold.

Judgment reversed. Judge Wagner concurs; Judge Lovelace absent.