———O———

STATE OF MISSOURI, Respondent, *vs.* WILLIAM F. FOYE, Appellant.

1. *Criminal law—Complaint—Venue.*—In criminal proceedings for assault and battery, the complaint of the prosecutor filed with the justice is a part of the proceedings, and an averment therein, that the offense was committed in the county, sufficiently lays the venue.

2. *Evidence—Witness—Impeachment of—What foundation must be laid.*—To impeach a witness on the ground that he had made contradictory statements, his attention must be called to the time, place and circumstances, and the persons to whom the statements were made.

*Appeal from Caldwell Court of Common Pleas.*

State v. Foye.

*Hoskinson & McLaughlin,* for Appellant.

*Dunn & Johnson,* for Respondent.

ADAMS, Judge, delivered the opinion of the court.

This was a prosecution for assault and battery, alleged in the complaint filed with the justice of the peace to have been committed on Isaac N. Henry, the prosecutor, in Caldwell county, in the State of Missouri.

The defendant was convicted before the justice, and fined ten dollars. He appealed to the Common Pleas, where he was again found guilty, and fined one dollar and fifty cents, from which he appealed to this court.

In the Common Pleas, the defendant filed a motion to dismiss the prosecution, upon the ground that the justice of the peace had no jurisdiction.

The objection urged here is, that the proceedings had before the justice do not affirmatively show, that the offense was committed in Caldwell county. If it be conceded that the jurisdiction of the justice must affirmatively appear in the proceedings had before him, the defendant's objection is not supported by the record. The complaint of the prosecutor filed with the justice is a part of the proceedings; and it appears from this complaint, that the offense was committed in Caldwell county. There was no error in overruling the motion to dismiss.

Henry, the prosecuting witness, was introduced on the trial, and testified to the assault and battery, as alleged in the complaint. The defendant then asked him if he had not, on the day of the assault, told Gray and Thomas, that "the lie, and damned lie passed, and that he then gathered a club, and went for defendant." The prosecutor's answer was, that he did not tell Thomas or Gray any such thing. The defendant then offered to prove by Thomas and Gray, that the prosecutor did tell them, that he "gathered a club, and went for defendant," and commenced the assault. The court excluded this evidence, upon the ground that a sufficient foundation had not been laid for impeaching the prosecuting witness.

The rule in regard to impeaching witnesses, on the ground of contradictory statements, is, that the attention of the witness must be called to the time, place and circumstances, and the persons to whom made. (Gregory vs. Cheatham, 36 Mo., 155 ; State vs. Starr, 38 Mo., 270 ; 1 Greenl. Ev., § 412.)

In the case under consideration, the attention of the witness was not called to the place where the alleged conversations were had. The object in being thus particular is, that the recollection of the witness may be revived by every circumstance, so as to give him an opportunity to recall the conversation, and give his own explanations, if any, of the whole transaction.

As the rule was not fully complied with in this case, the court did not err in excluding the evidence.

It was not admissible as evidence in chief. The prosecutor was no party to the suit. The State and the defendant were the only parties to the record.

Let the judgment be affirmed. Judges Vories and Sherwood concur. Judges Napton and Wagner absent.