The State v. Greenhagen.

STATE OF MISSOURI, Respondent, v. R. GREENHAGEN,
Appellant.

St. Louis Court of Appeals, April 16, 1889.

Criminal Law : INDICTMENT : SELLING LIQUORS WITHOUT LICENSE. An
indictment wherein the act charged is "that the defendant did
unlawfully and wilfully sell intoxicating liquors in less quantity
than five gallons, to-wit, one pint, without taking out or having a
license as a dramshop keeper, or any legal authority to sell the
same," states no facts constituting a public offense. The indict-
ment should charge that the defendant sold the liquor in less quan-
tity than one gallon : and if it fails to do so, it is not aided by
stating the sale of a less quantity under a *videlicet*. The indict-
ment is equally bad under the law relating to merchants' licenses,
since it fails to negative the fact that the liquors were to be drank
at the place of sale.

*Appeal from the Lawrence Circuit Court.*—HON. M. G.
McGREGOR, Judge.

REVERSED ( *and defendant discharged*).

ROMBAUER, P. J., delivered the opinion of the
court.

This is a prosecution for selling intoxicating liquors
without a license. The indictment contains two counts.
The second which is drawn with a view of meeting the
requirements of the local option law may be laid out of
view as no evidence was offered in its support.

The first count of the indictment, omitting date and
formal parts, charges : "That the defendant did unlaw-
fully and wilfully sell intoxicating liquors in less quan-
tity than five gallons, to-wit, one pint, without taking
out or having a license as a dramshop keeper, or any
legal authority to sell the same."

The prosecuting attorney and the court treated this
count as charging an offense under the provisions of

section 5436, of the Revised Statutes, relating to dramshops. The court instructed the jury under the dramshop act, and they found the defendant guilty and assessed his punishment at a fine of forty dollars. Neither party has appeared in this court.

The law, section 1993, Revised Statutes, makes it our duty upon the return of the appeal to render judgment upon the record, whether errors be assigned or not. In performing this duty we are bound to reverse the judgment for the reason that the facts stated in the indictment do not constitute a public offense. An indictment for selling intoxicating liquors, without having a dramshop license, *must charge* that the defendant sold the liquor *in less quantity than one gallon*, and if it fails to do so it is not aided by stating the sale of a less quantity under a *videlicet*. This has been expressly decided in *State v. Fanning*, 38 Mo. 409. The indictment is equally bad under the law relating to merchants' licenses ( Laws, 1887, page 217 ), as it fails to negative the fact that the liquors were to be drunk at the place of sale. *State v. Aubery*, 7 Mo. 304.

Judgment reversed and defendant discharged. All concur.