THE STATE OF MISSOURI, Appellant, v. M. FORD, Respondent.

St. Louis Court of Appeals, January 19, 1892.

1. **Criminal Law**: SALES OF LIQUOR BY MERCHANT. The statute (R. S., sec. 6915) prohibits a licensed merchant from selling liquors in quantities less than five gallons for any purpose whatsoever, and further from selling liquor in any quantity whatsoever to be drunk at his place of business.

2. ——— : ——— : INDICTMENT. When an indictment, based on that statute, charges such merchant with a sale of less than five gallons of liquor, it is not necessary that the indictment should negative the fact that the liquor was to be drunk on the premises where sold; nor need such indictment state the name of the person to whom the liquor was sold. *State v. Greenhagen,* 36 Mo. App. 24, is overruled in part.

*Appeal from the Greene Criminal Court.*—HON. M. OLIVER, Judge.

REVERSED AND REMANDED.

THOMPSON, J.—This is an indictment against a merchant for unlawfully selling intoxicating liquors. The court, on motion of the defendant, quashed the indictment, and the state appeals. Neither party has filed any brief or aided us in any way; but we, nevertheless, proceed to render judgment upon the record, as by the statute ( R. S., sec. 4297 ) we are required to do. The substantial part of the indictment is as follows:

" The grand jurors of the state of Missouri, impaneled, sworn and charged to inquire within and for the body of Greene county, upon their oath present that M. Ford, late of the county and state aforesaid, on the twenty-fourth day of December, A. D. 1889, at the county of Greene and state of Missouri, being then and there a merchant and dealer in groceries and merchandise,

did then and there unlawfully sell vinous, fermented and spirituous liquors in less quantity than five gallons, to-wit, one gallon of whiskey, for the price and sum of $3, without taking out or having a license as a dram-shop keeper, or any other legal authority to sell the same, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the state."

The statute under which the indictment was evidently drawn is as follows: "Nor such license shall authorize any merchant to sell vinous, fermented or spirituous liquors in any quantities, to be drunk at his store, stand or warehouse, or other place of business, nor in any quantity less than five gallons, for any purpose whatever. Any merchant who shall violate any of the provisions of this section shall be deemed guilty of a misdemeanor, and on conviction shall for the first offense be fined not less than $100 nor more than $500, or by imprisonment in the county jail not less than three nor more than six months; and for a second offense shall on conviction, in addition to such fine or imprisonment, have his license as a merchant revoked." R. S., sec. 6915.

It is observed that the statute prohibits a merchant from selling vinous, fermented or spirituous liquors in any quantity less than five gallons for any purpose whatever, and it is perceived that that is the offense charged in the indictment. It is not necessary, as the motion to quash sets up, that the indictment should negative the fact that the liquors were to be drunk on the premises where sold, because under the statute a sale of less than five gallons for any purpose whatever is an offense. If more than five gallons were sold to be drunk on the premises, that would also be an offense under the statute. Nor is it necessary that an indictment under the merchant act should state the name of the person to whom the liquor was sold. This has always been the rule under the dramshop act ( *State v. Spain,*

29 Mo. 415 ), and no reason is perceived why the rule should not be the same under the merchant act. The decision of this court in *State v. Greenhagen*, 36 Mo. App. 24, does not conflict with this holding, because in that case the attempt was to charge an offense under the dramshop act, and the indictment did not charge that the liquor which was sold was in less quantity than one gallon. But the concluding observation of the opinion, relating to the merchant act, must be overruled ; since a reading of the statute clearly shows that it charges two offenses : *First*, selling vinous, fermented or spirituous liquors in any quantity to be drunk at the merchant's store, stand or warehouse, or other place of business ; *second*, selling such liquors in less quantity than five gallons for any purpose whatever. As the second of these offenses is clearly charged in the indictment, the judgment must be reversed and the cause remanded. All the judges concur.