The State v. Baskett.

---

THE STATE OF MISSOURI, Appellant, v. JAMES BASKETT, Respondent.

Kansas City Court of Appeals, January 16, 1893.

1. **Criminal Law:** INFORMATION: DRUGGIST SELLING LIQUOR. An information against a defendant for illegal sale of intoxicating liquor which charges him with "being then and there a dealer in drugs and medicines" is insufficient under chapter 58, Revised Statutes, 1889, which is leveled against druggists, proprietors of drug stores and pharmacists.

2. **Definitions:** DRUGGIST. A druggist, according to chapter 58, Revised Statutes, 1889, is one who is registered as such.

3. **Criminal Law:** INFORMATION: FOLLOWING STATUTE. An offense should be charged, substantially at least, as set out in the act defining it. An information, charging a druggist with selling intoxicating liquors in quantities less than one gallon, is bad, under chapter 58, Revised Statutes, 1889, which places the *minimum* at four gallons.

*Appeal from the Putnam Circuit Court.*—HON. ANDREW ELLISON, Judge.

AFFIRMED.

*J. C. McKinley*, Prosecuting Attorney of Putnam County, and *A. W. Mullins*, for the State.

(1) The information is sufficient. It states an offense under the druggist law. 1 Revised Statutes, 1889, ch. 58, p. 1054; 1 Revised Statutes, 1889, sec. 4621, p. 1056; Kelley's Criminal Law & Practice [2 Ed.] p. 743. The information is sufficient also to charge an offense against the defendant under the dramshop law. 1 Revised Statutes, 1889, ch. 56, p. 1044; 1 Revised Statutes, 1889, ch. 56, sec. 4570, p. 1044; Kelley's Criminal Law & Practice [2 Ed.] p. 749. It is also sufficient under the merchants' license law. 2 Revised Statutes, 1889, ch. 111, p. 1617; 2 Revised Statutes, 1889, sec. 6915, p. 1620; 2 Revised Statutes, 1889, sec. 6919, p. 1621; *State v. Searcy*, 46 Mo. App. 432–3. (2) In order to make the information sufficient it is not necessary that the exact words of the statute should be followed, provided words of equivalent import be used, and the defendant apprised of the nature of the offense charged, and his substantial rights not prejudiced by omissions or surplusage. The court erred in sustaining the motion to quash the information. It does not matter what statute the pleader had in view, the infor-

mation is good, if an offense is charged against the provisions of any existing statute. *State v. Barr*, 30 Mo. App. 498; *State v. Dengolensky*, 82 Mo. 44; Wharton's Criminal Pleading & Practice [8 Ed.] ch. 3, sec. 226; *State v. Meyers*, 99 Mo. 114.

*Marshall, Franklin & Franklin*, for respondents.

(1)  As claimed by the state, it is not a privilege of a citizen to sell intoxicating liquor. And to this might be added that it is not a privilege of the state to put a citizen on trial charged with a criminal offense without first filing a proper indictment or information. (2)  Section 4621 applies to only those specifically enumerated in sections 4617–21, chapter 58, pages 1055–56, Revised Statutes, 1889, and they only can by any possibility violate the drug law by selling intoxicating liquors. The pleader in this case makes the mistake of following sections 5472–75, chapter 99, page 1075, Revised Statutes, 1879, instead of using the language contained in sections 4617–21 above referred to. The entire law on which such construction is based has been repealed. *State v. Greene*, 27 Mo. App. 626; 2 Revised Statutes, 1889, ch. 58, pp. 1054–1057. A person may be a dealer in drugs and medicines, and at the same time not be a druggist as defined by law. *State v. Martin*, 5 Mo. 361; *State v. Hunter*, 5 Mo. 360; *Martin v. State*, 9 Mo. 286; *State v. Heckler*, 81 Mo. 417; *State v. Ryan*, 30 Mo. App. 159; *State v. Lysle*, 58 Mo. 358; *State v. Helm*, 6 Mo. 263.    (3)  Where a prosecution is bottomed on a statute, and the words of the statute are descriptive of the offense and enter into its definition, there is no law better settled than that the exact words of the statute must be used; the law in such cases allows no substitute, because no other words are

exactly descriptive of the offense. *State v. Ross*, 25 Mo. 429; *State v. Emrich*, 87 Mo. 115; *State v. Decus*, — 410; *State v. Cox*, 29 Mo. 475; *State v. Ryan, supra; State v. Greenhagen*, 36 Mo. App. 24; *State v. Cornell*, 45 Mo. App. 94.

GILL, J.—Defendant was prosecuted before a justice of the peace for selling intoxicating liquors contrary to the druggists' law, chapter 58, Revised Statutes, 1889. He was tried in the justice's court, found guilty, fined $100, and appealed to the circuit court. In that court defendant moved to quash the information on the grounds: "*First.* Because the said information does not charge any offense under the laws of this state. *Second.* Because the said information does not follow the language of the statute creating the offense with which the defendant is intended to be charged. *Third.* Because the said information does not charge that the defendant is a druggist, an owner of a drug store or a pharmacist." The court sustained this motion, and the state appealed.

Section 4617 of the law relating to druggists and their licenses (chapter 58, Revised Statutes, 1889) provides that intoxicating liquors shall only be sold by druggists as prescribed by section 4621 (of the same chapter). Said section reads: "No *druggist, proprietor of a drug store or pharmacist* shall, directly or indirectly, sell, give away or otherwise dispose of alcohol, or intoxicating liquors of any kind, in any quantity less than *four* gallons," etc. The information in this case reads: "one James Baskett, being then and there *a dealer in drugs and medicines*, did on, etc., at, etc., sell D. W. Reed intoxicating liquor in less quantities than *one* gallon, to-wit, one pint of wine," etc.

A *druggist*, subject to prosecution under the foregoing act, is one who is registered as such, and, when so designated in section 4621, that particular class is intended. *State v. Greene*, 27 Mo. App. 627. But here the defendant is sought to be charged under the act as "a dealer in drugs and medicines." One might be a dealer in drugs and yet not a *registered druggist*, as is the class sought to be regulated by the law contained in chapter 58, *supra*. The reason is thus stated in the *Greene case, supra:* "He is indicted as being of a special calling and violating the law as such. The law which makes the offense and declares the punishment defines who may be the offender." It is only then this particular class thus defined that can be brought to answer under this particular law. It was then clearly demanded of the state, when seeking to hold defendant as a violator of the druggist law, to charge defendant with being a druggist, as well as to prove the allegation at the trial.

More than this, the offense must be charged—substantially, at least—as set out in the act. It is not required that the exact words should be used, but there must be words used of equivalent import and meaning. *State v. Barr*, 30 Mo. App. 501; *State v. Effinger*, 44 Mo. App. 83. Now, the offense defined in the statute is, the selling "intoxicating liquors of any kind in any quantity less than *four* gallons," etc. But defendant is charged in this information of selling "intoxicating liquors in less quantities than *one* gallon," etc. This of itself was fatal to the information. Nor is it aided by the *videlicet* statement of *one pint*, etc. *State v. Greenhagen*, 36 Mo. App. 24; *State v. Fanning*, 38 Mo. 409.

It would seem that the prosecuting attorney inadvertently drew his information under the law as it existed prior to the act of 1881—that is, under chapter 99,

Revised Statutes, 1879. But this law was repealed,. and the law now in force restricting and controlling druggists in the sale of intoxicating liquor is found only in chapter 58, Revised Statutes, 1889. And it was, moreover (as we have already held), the design of this law to cover the entire ground in relation to sales of liquor by druggists without reference to other statutes. The defendant, then, is amenable to that statute, and it alone. *State v. Piper*, 41 Mo. App. 160; Kelley's Criminal Law & Practice [2 Ed.] p. 744.

The circuit court committed no error in quashing the information, and the judgment is affirmed. All concur.