STATE OF MISSOURI, Respondent, v. RICHARD BALDWIN, Appellant.

St. Louis Court of Appeals, February 13, 1894.

1. **Criminal Law**: INDICTMENT FOR SALE OF INTOXICATING LIQUORS WITHOUT DRAMSHOP LICENSE. An indictment for the sale of intoxicating liquor is sufficiently specific in its designation of the quantity of liquor sold, if it describes the same as being "in less quantity than three gallons, to wit, two drinks of whiskey;" an exact averment of the quantity is not essential.

2. **Witnesses, Impeachment of**: LAYING FOUNDATION. In laying the foundation for the impeachment of a witness by proof of a prior statement inconsistent with his testimony, his attention must be called to the place at which it is claimed such statement was made.

3. **Practice, Appellate**: REVIEW OF OBJECTIONS TO EVIDENCE. The trial court cannot be put in the wrong for the improper admission of evidence, unless a valid objection to the evidence was raised before it.

4. **Witnesses**: INSTRUCTIONS. An instruction, which simply tells the jury that they are at liberty to consider the probability or improbability of the testimony of an impeached witness, is not erroneous.

5. **Criminal Law**: NON-DIRECTION OF JURY. Mere non-direction is not ground for the reversal of a judgment against the defendant in a prosecution for a misdemeanor.

*Appeal from the Barry Circuit Court.*—HON. J. C. LANESON, Judge.

AFFIRMED.

*Frost & Wear* for appellant.

(1) The court erred in allowing the state to attempt to impeach the defendant by showing that he had made prior inconsistent statements to the witness Mitchell without first having laid the proper foundation therefor.

*State v. McGraw*, 74 Mo. 573; *State v. Foye*, 53 Mo. 336; 1 Greenleaf on Evidence [13 Ed.], sec. 462. And the witness thus contradicted being the defendant, the error is prejudicial. *State v. Devlin*, 7 Mo. App. 32. (2) Instruction number 5 given by the court is erroneous; without boundary, limitation or condition, it leaves to the jury to say when, whether and by what means a witness has been impeached. *State v. Patrick*, 107 Mo. 147; *State v. Grant*, 79 Mo. 113. (3) It was the duty of the court to give a proper instruction on the impeachment of witnesses by proof of a bad general reputation. *State v. Kolb*, 48 Mo. App. 269; *State v. Palmer*, 88 Mo. 568; *State v. Banks*, 73 Mo. 592.

No brief filed for respondent.

ROMBAUER, P. J.—The defendant was convicted of selling liquor without a dramshop license. He assigns for error that the indictment on which he was tried is fatally defective, and that his motion in arrest of judgment should have been sustained. He also claims that the court admitted illegal evidence against him, and erred in its instructions to the jury.

The indictment charges the defendant with unlawfully selling intoxicating liquors in less quantity than three gallons, *to-wit, two drinks of whiskey*. The claims of insufficiency arise on the words italicized, which are claimed to be an insufficient specification. In *State v. Cox*, 29 Mo. 475, and *State v. Fanning*, 38 Mo. 409, it was held that indictments under this statute should aver the quantity sold. As, however, any quantity may be proved which is within the prohibition of the statute, the exact averment of the quantity is not an essential averment. The first error is, therefore, not well assigned.

Upon the trial of the cause the defendant was a

witness in his own behalf. After he closed his defense, he was recalled by the state. The record recites that he was recalled in *rebuttal*. We overlook this senseless recital, and hold that he was recalled for further cross-examination, such fact appearing from the whole context of the record. He was asked by counsel for the state whether he did not, two or three days after the alleged sale, tell to one Mitchel that he had sold the whiskey to Pallet (the witness for the state). Objection was made to the question on the ground that the defendant had not been interrogated on the question while examined in chief, and that no foundation had been laid for his impeachment. The court overruled the objection. The defendant answered that he had not made the statement. Mitchel was then called for the state, and testified that the defendant admitted to him in the town of Seligman, two days after the alleged sale, that he had sold the whiskey to Pallet. The testimony of Mitchell was objected to on the ground, among others, that no proper foundation had been laid for the defendant's impeachment. This objection was overruled, and the defendant excepted and still excepts.

It is well settled that, in laying a foundation for the impeachment of a witness, his attention must be called to the time, *place* and person involved in the intended contradiction. *State v. Starr,* 38 Mo. 270; *State v. Foye,* 53 Mo. 336. As the defendant's attention had not been called to the place where he made the alleged contradictory statement, Mitchel's statement, as far as it was offered for the purpose of impeaching the credit of the defendant as a witness, was inadmissible. But Mitchell's testimony was admissible as independent evidence of the defendants's admission of the illegal sale, and, as it was not objected to on the ground that it was offered out of its regular order ·and should have

been offered in chief, we cannot put the trial court in the wrong for admitting it. Evidence, which is admissible for any purpose, cannot be excluded simply because it is inadmissible for other purposes. *Union Savings Association v. Edwards*, 47 Mo. 445, 449. As the record shows that the defendant had an opportunity to contradict Mitchell's evidence, and did in fact contradict it, we would not be warranted in reversing the judgment on the sole ground that Mitchel's evidence was admitted out of its regular order, no objection having been made to it on that ground.

We see no error in the instruction complained of. It simply tells the jury that they are at liberty to consider the probability or improbability of the testimony of an impeached witness. The fact, even if established, that the general reputation of a witness for truth is bad, does not necessarily and as a matter of law, withdraw the consideration of his evidence from the jury. In this state it is customary to instruct the jury in a proper case that, if any witness has willfully sworn falsely to a material fact in the case, they *may* disregard his entire evidence, or are *authorized* to reject his evidence. Judge RICHARDSON in *State v. Dwire*, 25 Mo. 553, held that in a case where a witness has willfully sworn falsely to a material fact, the jury should be instructed by the court to disregard his testimony altogether; but his associates refused to agree to that view, and held that, while the jury may, they are not *bound* to, disregard testimony even of a perjured witness, as to facts touching which they may believe he testified the truth. Such has been the law in this state ever since. In *State v. Patrick*, 107 Mo. 147, an instruction given to the jury on this subject was condemned, because it told the jury in effect that, where a witness is corroborated by other credible evidence, or facts and circumstances, the jury were not at liberty to

disregard his evidence, even if he was *successfully impeached*. The instruction in that case first left it to the jury to say whether the witness was successfully impeached without any guide as to what amounted to successful impeachment, and then forbade them to reject a witness' testimony, if thus impeached, in case he was corroborated.

If the instruction in this case on that subject was not full enough, the defendant was at liberty to have it supplemented. Mere non-direction is no ground for reversal in a case of *misdemeanor*.

Upon the whole record we find that, while the case was not tried with that formal precision with which it could and ought to have been tried, if the defendant had pleaded his objections upon the proper grounds at the various stages of the trial, yet no error has intervened materially affecting the merits, and justifying the reversal of the judgment.

Judgment affirmed. All concur.