STATE OF MISSOURI, Appellant, v. JESSE T. STEPHENS, Respondent.

#### Kansas City Court of Appeals, May 6, 1895.

Criminal Law: SELLING LIQUOR: INDICTMENT. Under the second section of the act of April 20, 1891, an indictment that charges the defendant with selling intoxicating liquors in certain quantities less than one gallon, to wit, one pint of whiskey, etc., is bad and is properly quashed.

*Appeal from the Saline Criminal Court.*—HON. JNO. E. RYLAND, Judge.

AFFIRMED.

*R. M. Reynolds* and *T. H. Harvey* for appellant.

The indictment in this case is sufficient. It is not necessary that the exact language of the statute be followed, provided words of equivalent import be used, or the substance thereof, or words of more extensive significance, which necessarily include the words of the statute, and the defendant sufficiently apprised of the nature of the offense charged, and his substantial rights not prejudiced by omissions or surplusage. R. S. 1889, sec. 4115; *State v. Williamson*, 21 Mo. 496; *State v. Dengolesky*, 82 Mo. 44; *State v. DeLay*, 30 Mo. App. 357; *State v. Barr*, 30 Mo. App. 698; *State v. Watson*, 65 Mo. 115; *State v. Ware*, 62 Mo. 597; 10 Am. and Eng. Encyclopedia of Law, p. 573, and authorities cited in note 4.

*Davis & Duggins* for respondent.

(1) The indictment does not follow the language of the statute in force at the time, in this, that it does not charge that the defendant sold intoxicating liquor in less quantity than three gallons. *State v. Ross*, 25 Mo. 429; *State v. Emerich*, 87 Mo. 110, 115; *State v. Fanning*, 38 Mo. 409; *State v. Greenhagan*, 36 Mo. App. 24; *State v. Baskett*, 52 Mo. App. 389. (2) The indictment does not charge a single sale in a quantity less than one gallon. The language is in "certain quantities" less than one gallon, so that the effect of the indictment is to charge several sales of liquors of one pint each. *State v. Greenhagan*, 36 Mo. App. 24; *State v. Fanning*, 38 Mo. 409.

SMITH, P. J.—The second section of the act to regulate the sale of intoxicating liquors in original packages, or otherwise, approved April 20, 1891 (Sess. Acts, 1891, p. 128), provides: "No person shall directly or indirectly sell intoxicating liquors in any quantity *less than three gallons*, either at retail or in the original package, without taking out a license as a dramshop keeper."

The indictment contained in the record before us charges that the defendant, on, etc., at, etc., did sell to a person to these jurors unknown, intoxicating liquors in certain quantities less than *one gallon*, to wit, one pint of whiskey, etc.

The question now is, does the indictment state facts constituting a public offense. If it does, the circuit court erred in sustaining the defendant's motion to quash it.

The rule of criminal pleading is that the offense must be substantially charged as set out in the statute; it need not be in the exact words, but those used must be of equivalent meaning. *State v. Barr*, 30 Mo. App. 500; *State v. Effinger*, 44 Mo. App. 83. The statute, as we have already seen, makes it an offense to sell intoxicating liquors in any quantity *less than three gallons.* But the defendant is charged in the indictment to have sold intoxicating liquors in certain quantities less than *one gallon.* According to the ruling in *State v. Baskett*, 52 Mo. App. 389, and in *State v. Fanning*, 38 Mo. 409, this departure in the charge from the statute was fatal to the indictment.

It results that the judgment of the circuit court must be affirmed. All concur.