STATE OF MISSOURI, Respondent, v. W. J. PICKER, Appellant.

### St. Louis Court of Appeals, December 10, 1895.

1. **Criminal Law:** APPLICATION FOR ELECTION OF SPECIAL JUDGE. The appointment of a special judge is authorized in a criminal proceeding only when a motion for a change of venue for a cause disqualifying the regular judge has been filed, or the regular judge has knowledge of the existence of such a cause. And an application by the defendant for the election of a special judge on the ground that he can not have a fair trial before the regular judge is, therefore, unauthorized.

2. ————: PEREMPTORY INSTRUCTION AGAINST DEFENDANT. The plea of not guilty in such a proceeding imposes upon the state the burden of proving beyond a reasonable doubt the guilt of the defendant, and the sufficiency of the evidence in this regard is always for the jury and not for the court. Accordingly, a peremptory instruction to the jury to find the defendant guilty is prejudicial error.

*Appeal from the St. Louis Court of Criminal Correction.* HON. DAVID MURPHY, Judge.

REVERSED AND REMANDED.

*Marshall F. McDonald* and *Chester H. Krum* for appellant.

(1) The trial judge erred in refusing to appoint a special judge, the application therefor being regular in form. (2) That court also erred in directing the jury to find the defendant guilty in the face of his plea to the contrary, and of the presumption of innocence which attends and protects him. R. S., sec. 4208; Kelley's Criminal Practice, 300, 397; 1 Bishop on Criminal Procedure, chapters 67, 73 and 75; *State v. Patrick,* 107 Mo. 147; *State v. Nelson,* 118 Mo. 124 and 153. In

every criminal case the defendant is entitled to an instruction as to reasonable doubt, and it is error for the court to refuse it, no matter how clear the evidence may seem against him. *State v. Gonce*, 79 Mo. 600; *State v. Gollette*, 121 Mo. 447. It is error for the court to declare to the jury that any fact is established. *Hill v. State*, 17 Wis. 675; *Thompson v. State*, 47 Ala. 37; *Huffman v. State*, 29 Ala. 40; *Benedict v. State*, 14 Wis. 423; *People v. Ybarra*, 17 Cal. 166; *Farrell v. State*, 32 Ala. 557.

*James L. Hopkins, W. Palmer Clarkson* and *Thos. E. Mulvihill* for respondent.

BIGGS, J.—The defendant was prosecuted and convicted under an information filed against him in the St. Louis court of criminal correction. He is a dramshop keeper, and the information charged that he kept his saloon open on Sunday, and that he then and there gave away or sold intoxicating liquors contrary to the provisions of section 4590 of the Revised Statutes of 1889. Before the case was called for trial he filed an application for the election of a special judge, alleging as a reason therefor that he could not have a fair trial before the judge of the court. The application was verified by the defendant, and was supported by the affidavits of two witnesses. It was overruled, and the defendant excepted. Thereupon the case was called for trial, and the defendant refused to plead or participate in the trial, upon the ground that, the application for the election of a special judge having been erroneously overruled, the regular judge had not jurisdiction to try the case. The court had the plea of not guilty entered, impaneled a jury, and heard the plaintiff's evidence. Under the instructions of the court the jury found the

defendant guilty as charged, and imposed a fine of $50, to all of which the defendant objected and excepted.

The application for the election of a special judge was properly overruled.   Sections 4175 and 4177, Revised Statutes of 1889, furnish the only authority for the election of a special judge to try a criminal case.  Under section 4175 the authority is given *only* where there has been  filed  an application for a change of venue for some  one  or more of the causes of disqualification of the judge of the court mentioned in the preceding section of the statute (4174).   Section 4177 provides that, whenever it is within the knowledge of the  judge of the court that any of the disqualifying causes  exist, he shall on his own motion order the election of a special judge, etc.  If it be conceded that the statute regulating changes of venue and the election of special judges in criminal cases applies to causes pending in the St. Louis court of criminal correction, the action of the court on the defendant's application must be sustained, for the reason that it was not within the terms of the statute.   It is not an application for a change of the venue of the cause, but simply for the election of a special judge for the reason stated.    There being no statutory authority for such an independent proceeding, the judge of the court of criminal correction could not do otherwise than overrule it.

The court instructed the jury peremptorily to find the defendant guilty.  This was a grievous error.   The plea of not guilty imposes upon the state the burden of proving the guilt of the defendant beyond a reasonable doubt, and the sufficiency of the evidence is always for the jury and not for the court.  This is a case of misdirection and not nondirection, and, therefore, it does not fall within the provisions of section 4208 of the statute, as construed by this court.  *State v. Matheis,* 49 Mo. App. 237; *State v. Baldwin,* 56 Mo. App. 423.

With the concurrence of the other judges, the judgment of the St. Louis court of criminal correction will be reversed and the cause remanded. It is so ordered.