THE STATE OF MISSOURI, Respondent, v. JOE CLINKENBEARD, Appellant.

**Kansas City Court of Appeals, February 1, 1909.**

1. **SELLING LIQUOR: Indictment: Quantity: Proof.** An indictment for selling liquor after alleging in the language of the statute that a sale was made of less quantity than the minimum allowed to be sold, must in addition allege what quantity the less quantity was, though the proof need not necessarily show the alleged quantity.

2. ————: ————: ————: **"Pine."** Material allegations in an indictment cannot be made out by intendment; and where the indictment avers the amount of whisky sold is one "pine" the court cannot regard it as a clerical error for "pint," and the indictment is bad since there is no allegation of the quantity sold.

Appeal from Barton Circuit Court.—*Hon. Berry G. Thurman,* Judge.

REVERSED.

*Cole, Burnett & Moore* for appellant.

(1)  Now, bearing in mind that the charge as to whisky is the only one now involved, as there was no attempt to prove a sale of wine or brandy, we insist that the indictment is wholly insufficient to sustain a conviction for selling whisky. All the cases agree that the specific quantity must be alleged (although of course the state might not be confined to that exact quantity). Such an allegation is material. State v. Cox, 29 Mo. 475; State v. Sills, 56 Mo. App. 408; State v. Gibbs, 129 Mo. App. 700. (2) And the word "pine" is not, to our knowledge, any designation of quantity. Therefore, the charge is just the same as though it alleged a sale "in less quantities than four gallons," and stopped there, for the other words about a "pine"

add nothing. We are dealing with an indictment, and nothing material is to be taken by intendment or implication. State v. Hillman, 128 Mo. App. 174; State v. Hall, 130 Mo. App. 174. (3) The courts have always required the observance of this rule in charging sales of liquor; that is, that the charge shall be of a quantity less than the maximum, and that it shall be of a certain quantity within that limit. The omission of either is fatal. State v. Fanning, 38 Mo. 409; State v. Ryan, 30 Mo. App. 161; State v. Greenhagen, 36 Mo. App. 24; State v. Baskett, 52 Mo. App. 393; State v. Stephens, 62 Mo. App. 232; State v. Skillman, 209 Mo. 408; State v. Campbell, 210 Mo. 202; State v. Fairlamb, 121 Mo. 154.

*J. B. McGilvray* for respondent.

(1) The word "pine" is simply a clerical error, the kind that is often apt to be made in the present day mode of writing legal papers. The use of the typewriter and the errors that are apt to be made by one in operating is taken notice of by the court in the case of State v. Armstrong, 167 Mo. 267, in which the name John L. Clark was written John L. Calrk, and the name of Charles Hall was written Charles Hallm. (2) The misspelling of a word is no ground for quashing the indictment. State v. Vaughn, 141 Mo. 514; State v. Miller, 156 Mo. 76; State v. Lucas, 147 Mo. 70. (3) Although there was no quantity named other than that the sale was less than four gallons, the indictment should be good, as the offense is charged in the language of the statute. State v. Fanne, 39 Mo. App. 110; State v. Parker, 39 Mo. App. 120; State v. Davis, 106 Mo. 230; State v. Stephens, 70 Mo. App. 559; State v. Giblis, 109 Mo. App. 700; State v. Lucas, 147 Mo. 70; State v. Colly, 69 Mo. App. 444.

ELLISON, J.—The defendant was indicted, tried and convicted on a charge of selling intoxicating liquors, in less quantities than four gallons, without having a license.

The indictment alleges that defendant sold "certain intoxicating liquors in less quantities than four gallons, to-wit: one *pine* of whisky, one pint of wine and one pint of brandy;" etc. The trial failed to show any sale of brandy or wine; but did show a sale of a half pint of whisky. The point against the judgment of conviction is that the indictment does not charge the sale of any quantity of whisky; that is, that one pine of whisky is not an allegation of quantity. The authorities on the question agree that a specific quantity must be alleged, such allegation is material; though the proof need not show such exact quantity. [State v. Cox, 29 Mo. 475; State v. Sills, 56 Mo. App. 408; State v. Gibbs, 129 Mo. App. 700.] After alleging, in the language of the statute, that a sale was made of a less quantity than the minimum allowed to be sold, it must, in addition, be alleged *what* quantity the less quantity was. In connection with the authorities just cited, the following should be read. [State v. Fanning, 38 Mo. 409; State v. Ryan, 30 Mo. App. 161; State v. Greenhagen, 36 Mo. App. 24; State v. Baskett, 52 Mo. App. 393; State v. Stephens, 62 Mo. App. 232.]

Counsel for the State insists that the word "pine" used in the indictment, should be regarded as a mere clerical error, and that it is clear that "pint" was meant. But it is against a rule in criminal pleading to make out any material allegation by intendment. [State v. Fairlamb, 121 Mo. 137, 154.] In that case the words in the indictment were "feloliously," "nilfully," "neapon," and "nound," and they were used where the words "feloniously," "wilfully," "weapon" and "wound" should have been. It was held that they

could not be taken to stand for and mean the latter words.

In State v. Campbell, 210 Mo. 202, and State v. Skillman, 209 Mo. 408, the concluding words in the indictment were "against the peace and dignity of State," instead of "against the peace and dignity of *the* State," as required by the constitution and statute. The only difference was in the word "the," and the State sought to have the court supply it by intendment; but the court, after much consideration, refused to do so and held the indictment bad.

In the case at bar it was essential, as already stated, to allege a specific quantity. The word "pine" is not a word which signifies any measure of quantity. It serves no purpose and leaves the case without an allegation of the specific quantity less than four gallons. We think the cases cited by the State not applicable.

The judgment is reversed. All concur.

---

## MAJORIA GRAY, Respondent, v. THE MISSOURI PACIFIC RAILWAY COMPANY, Appellant.

**Kansas City Court of Appeals, February 1, 1909.**

APPELLATE PRACTICE: Abstract: Motion for New Trial: Bill of Exceptions. The record proper must show that the motion for new trial was filed and also that the bill of exceptions was filed; and if there is a failure to show either there is nothing to review on appeal except the record proper.

Appeal from Jackson Circuit Court.—*Hon. Walter A. Powell,* Judge.

AFFIRMED.

*Elijah Robinson* and *Harris Robinson,* for appellant, filed brief on merits.

*C. C. Madison,* for respondent, filed brief on merits.