STATE OF MISSOURI, Respondent, v. CARIOT, Defendant; DUFFY, Appellant.

St. Louis Court of Appeals. Submitted March 29, 1909. Opinion filed April 6, 1909.

1. JURISDICTION: Courts: Misdemeanors: St. Louis Court of Criminal Correction. Under sections 2544 and 2545, Revised Statutes 1899, the circuit courts of the city of St. Louis have no jurisdiction over misdemeanors; exclusive jurisdiction of misdemeanors in St. Louis is conferred upon the court of criminal correction; therefore the St. Louis Court of Criminal Correction could not acquire jurisdiction of a case transferred from the circuit court of that city.

2. ————: ————: ————: Recognizance. A recognizance given in the St. Louis Court of Criminal Correction for the appearance of a defendant charged with a misdemeanor, in a case which originated in the circuit court of St. Louis and was transferred to the court of criminal correction, was void, and a *scire facias* issued and judgment entered thereon were void.

Appeal from St. Louis Court of Criminal Correction.— *Hon. Hiram N. Moore,* Judge.

REVERSED.

*Frank A. C. Macmanus* for appellants.

STATEMENT.—In this case, on the twenty-sixth of October, 1904, an information was filed in the circuit court of the city of St. Louis, Criminal Division, by W. Scott Hancock, assistant circuit attorney of that city,.

137 App.—20

in which information it is set out that one Cariot stood charged with violating an ordinance of the city in a certain cause and proceeding pending before a police justice of that city and against one Minion Cariot; that one Nellie Keating was a competent and material witness against said Cariot, who had been duly notified to appear before the police justice to testify to her knowledge of the facts relating to the violation of the ordinance and that Cariot, well knowing the premises and that Nellie Keating was then and there a competent and material witness, did wilfully and corruptly attempt to give her a certain sum of money as a bribe for the purpose and with the intent to induce her to withhold her testimony in the cause and to depart from the city of St. Louis and not to appear as a witness for and on behalf of the city of St. Louis. Upon the filing of this information Cariot was arrested and entered into a bond, approved by a judge of the circuit court, for his appearance before either of the divisions of the circuit court (Divisions 8 or 9) having jurisdiction of criminal causes, to answer the information. On the twentieth of December, this information was certified from the division of the circuit court having jurisdiction of criminal causes at the time into the St. Louis Court of Criminal Correction. The defendant appeared in the latter court to answer and entered into recognizance in that court for his appearance until discharged, appellant being his surety. The case was continued from time to time and when called for trial Cariot not appearing and being duly called, the recognizance was declared forfeited and a writ of *scire facias* ordered against Cariot, as principal, and against Duffy, as his surety. In due time Duffy appeared and moved to quash the *scire facias,* alleging many grounds, among others lack of jurisdiction. This motion being overruled Duffy, duly saving exceptions, has appealed to this court.

REYNOLDS, P. J. (after stating the facts).—
There is only one error assigned necessary to be noted.

The offense charged is averred to have been committed in the city of St. Louis, and it is a misdemeanor.
The circuit courts of the city of St. Louis, when sitting
as courts for the disposal of criminal causes, have no
jurisdiction over misdemeanors. Section 13 of the article relating to the St. Louis Court of Criminal Correction (see Revised Statutes 1899, p. 2544), vests "exclusive original jurisdiction of all misdemeanors under the
laws of the State, committed in St. Louis City, the punishment whereof is by fine or imprisonment in the county
jail, or both," etc., in the Court of Criminal Correction.
In section 19, of the same act (see p. 2545) it is provided
that, "no indictment shall hereafter be found for any
misdemeanor under the laws of this State, committed
in the city of St. Louis, the punishment whereof is by
fine or imprisonment in the county jail, or both, or by
any forfeiture, but the same shall be presented to the
Court of Criminal Correction by information." Section
18 provides, "that the prosecuting attorney of that court
shall attend to and prosecute all suits brought therein."
For a rather full discussion and exposition of the powers of the St. Louis Court of Criminal Correction, see
State ex rel. v. Foster, 187 Mo. 590.

In certifying the information to the Court of Criminal Correction, the clerk of the circuit court for criminal causes certifies to it as an "indictment." He and
the court were evidently proceeding upon the assumption
that it was an indictment, and acting upon that assumption and under the provisions of section 2499, Revised
Statutes 1899, certified and transmitted the case to the
Court of Criminal Correction. As we have seen, this
was not an indictment; the offense being a misdemeanor
proceeded upon by information, and as proceedings by
information for misdemeanors of this class, occurring
in the city of St. Louis, can only be instituted and prosecuted in the Court of Criminal Correction, that court

could obtain no jurisdiction of this case by transfer from the circuit court. The recognizance was therefore entered into in a cause not in court. It follows that it was void and the *scire facias* issued and judgment entered thereon are nullities.

The judgment of the Court of Criminal Correction is reversed. All concur.

