## STATE OF MISSOURI, Respondent, v. WILLIAM RUSSELL and CHARLES RUSSELL, Appellants.

### St. Louis Court of Appeals, April 6, 1915.

1. **INDICTMENTS AND INFORMATIONS: Misdemeanors: Certification of Indictment to St. Louis Court of Criminal Correction: Jurisdiction.** Under Secs. 5072, 5073 and 5074, R. S. 1909, an indictment for a misdemeanor, returned by the grand jury into the circuit court of the city of St. Louis having jurisdiction over felonies, may be certified to the St. Louis Court of Criminal Correction, and the latter court will thereupon become vested with jurisdiction to try the same, notwithstanding the statute which created the latter court and conferred exclusive jurisdiction over misdemeanors on it declares that no indictment shall be found for any misdemeanor, but that the cases shall be presented to such court by information; following State ex rel. v. Foster, 187 Mo. 590.

2. **INTOXICATING LIQUORS: Unlawful Sale: Sufficiency of Indictment.** An indictment alleging that defendant, not being a licensed dramshop keeper, did willfully and unlawfully sell to one S. intoxicating liquor in less quantity than three gallons, to-wit, two bottles of beer, was not bad for failing to specify the exact quantity of liquor sold.

3. ———: ———: **Evidence: Variance.** Regardless of what an indictment charging the sale of intoxicating liquor in a quantity less than three gallons by one not a licensed dramshop keeper may allege with respect to the specific quantity sold, proof of the sale of any quantity within three gallons will support a conviction, since the act of selling a quantity less than three gallons constitutes the offense.

Appeal from St. Louis Court of Criminal Correction.—
*Hon. Calvin N. Miller,* Judge.

AFFIRMED.

*Paeben & Friday* for appellants.

(1) The appellants having been indicted by a grand jury, the St. Louis Court of Criminal Correction

acquired no jurisdiction and its judgment is a nullity. State v. Cariot, 137 Mo. App. 305. (2) Even if the court had jurisdiction the indictment charges no offense, and cannot be the basis of a verdict and judgment. An indictment for selling liquor after alleging in the language of the statute that a sale was made of less quantity than the minimum allowed to be sold must in addition allege what quantity the less quantity was. State v. Clinkenbeard, 135 Mo. App. 189; State v. Gibbs, 129 Mo. App. 700; State v. Sills, 56 Mo. App. 408; State v. Fanning, 38 Mo. 410. The indictment charging no offense or violation of the law, the form of the verdict is insufficient. State v. Shour, 196 Mo. 202; State v. DeWitt, 186 Mo. 61; State v. McGee, 181 Mo. 312.

*Howard Sidener,* Prosecuting Attorney, for respondent.

(1) The appellants having been indicted by the grand jury, the St. Louis Court of Criminal Correction had jurisdiction and its judgment is not a nullity. Secs. 5072, 5073, R. S. 1909; Sec. 13, Art. 18, R. S. 1899. (2) The indictment does allege what quantity, the less quantity was. (3) An exact averment of the quantity is not essential. State v. Baldwin, 56 Mo. App. 423.

NORTONI, J.—The two defendants were convicted on a charge of selling intoxicating liquor and the punishment of each assessed at a fine of $40 in the court of criminal correction. The appeal is prosecuted from that judgment.

But two arguments are advanced here. The first goes to the effect that the court of criminal correction was without jurisdiction in the premises, and the second that the indictment is insufficient.

It appears that defendants were indicted by the grand jury in the circuit court of the city of St. Louis for selling intoxicating liquors without a dramshop license in less quantities than three gallons—that is, a misdemeanor. The indictment having been returned by the grand jury into the circuit court, it was transferred by proper order of record to the St. Louis Court of Criminal Correction for trial. Defendants were subsequently tried in the latter court and convicted of a misdemeanor as charged, and their punishment assessed, as stated, at a fine of $40 each.

It is argued the St. Louis Court of Criminal Correction was without jurisdiction to hear and determine the matter on indictment because the Act of the Legislature (section 13) creating that court confers upon it exclusive original jurisdiction of all misdemeanors under the laws of the State committed in St. Louis, the punishment whereof is by fine or imprisonment in the county jail or both, and, moreover, that by section 19 of the same Act it is provided, "No indictment shall hereafter be found for any misdemeanor under the laws of this State, committed in the city of St. Louis, the punishment whereof is by fine or imprisonment in the county jail, or both, or by any forfeiture; but the same shall be presented to the court of criminal correction by information."

The question here made has been decided by the Supreme Court adversely to the argument advanced, and this, too, with the very statute referred to before it. By section 5072, Revised Statutes 1909, all grand juries are authorized to find and present bills of indictment for either a felony or misdemeanor committed against the laws of the State. Then, too, section 5073, Revised Statutes 1909, provides that, in counties or cities in which the jurisdiction to try and determine felonies shall be vested in one court and the jurisdiction to try and determine misdemeanors shall be vested in another court, the grand jury organized and con-

nected with the court having jurisdiction over felonies shall return into such court any indictment for misdemeanors found by them. Section 5074, Revised Statutes 1909, provides the court into which such indictments shall be returned shall, without delay, cause all such indictments to be certified and transmitted to the court having jurisdiction to try and determine the charges in such indictments contained, and the trial therefor shall proceed without other information. On the indictment here being preferred by the grand jury in the circuit court of the city of St. Louis, which possesses jurisdiction to try and determine felonies, it was certified and transmitted by an order of record to the court of criminal correction for trial according to the course indicated in the statute above referred to. On a consideration of sections 13 and 19 of the act pertaining to the St. Louis Court of Criminal Correction and the two sections last above cited, the Supreme Court declared the St. Louis Court of Criminal Correction possesses jurisdiction to try and determine a misdemeanor charged in an indictment found by the grand jury in the circuit court, as here, where the penalty to be assessed for the offense is a fine or imprisonment in the county jail, or both. [See State ex rel. v. Foster, 187 Mo. 590, 612, 613, 86 S. W. 245.] The case cited is conclusive on the question here and it is unnecessary to examine it further. The case of State v. Cariot, 137 Mo. App. 305, 118 S. W. 512, relied upon by defendants, is not in point, in that it involved the consideration of a misdemeanor charged in an information as contradistinguished from an indictment.

The indictment charges that defendants, "not being licensed dramshop keepers, did willfully and unlawfully sell to one B. C. Sink intoxicating liquors· in less quantities than three gallons, to-wit, two bottles of beer." It is argued this is insufficient, in that it fails to specify the quantity of liquors sold, less than three gallons. It is urged in such cases the indictment

must not only allege the selling of liquor in a quantity less than three gallons, but must specify, too, what the lesser quantity was.

In State v. Cox, 29 Mo. 475, the indictment merely followed the language of the statute in charging the sale of a quantity less than one gallon, as the statute then provided, without license, and entered into no specification whatever concerning the lesser quantity sold. The court declared the indictment insufficient because it failed to set forth the lesser quantity, which, of course, constituted the specific act of sale.

In State v. Fanning, 38 Mo. 409, the indictment merely charged defendant with selling one pint of whiskey without having a dramshop license and did not even follow the language of the statute to the effect that the sale was less than the minimum amount authorized— that is, one gallon. The court declared the gravamen of the offense consisted in selling intoxicating liquors in less quantity than one gallon and the indictment therefore insufficient.

The rule of these cases goes to the effect that the indictment should specify in the language of the statute that the sale was made without license in a quantity less than the minimum mentioned in the statute—at present three gallons—and then should proceed, too, to specify the lesser quantity sold. But, after all, the gravamen of the offense is the sale of a quantity less than three gallons. The rule has been criticized because exacting, as will appear by reference to State v. Gibbs, 129 Mo. App. 700, 108 S. W. 588, but nevertheless followed in that case and in others, as will appear by reference to the following authorities: See State v. Sills, 56 Mo. App. 408; State v. Ryan, 30 Mo. App. 159; State v. Clinkenbeard, 135 Mo. App. 189, 115 S. W. 1059.

But, as the gravamen of the offense is the unauthorized sale of less than three gallons of intoxicating liquors, it would seem to be sufficient to specify this

and also the particular act constituting the infringement of the law without the precision of liquid measurement. Obviously this is true, for whatever the indictment may charge in respect of the specific quantity sold, the act of selling a quantity less than three gallons constitutes the offense, and the sale of any quantity within the prohibition of the statute which may be proved will suffice to sustain the conviction. This being true, the exact averment of the quantity, as by the precision of liquid measurement, is not an essential averment, for if it be charged the sale was less than three gallons and the quantity specified does not appear to equal or exceed three gallons, it will suffice.

Such is the view expressed by this court through Judge ROMBAUER in the case of State v. Baldwin, 56 Mo. App. 423, which appears to have been decided by this court on the same day and the opinion prepared by the same judge as the case of State v. Sills, 56 Mo. App. 408, reflecting a different view where no specification whatever of the lesser quantity was made in the indictment. In the Sills case, the charge was that defendant "did unlawfully sell intoxicating liquors in less quantity than three gallons, without then and there having a license as a dramshop keeper, or any legal authority to sell the same, against the peace and dignity of the State." This indictment was declared insufficient because it omitted to specify the lesser quantity. However, in the Baldwin case, decided the same day, the indictment charged the defendant with "unlawfully selling intoxicating liquors in less quantity than three gallons, *to-wit, two drinks of whiskey.*" The specification of two drinks of whiskey as the lesser quantity was treated as sufficient because, as the court said, the exactness of the averment of the lesser quantity sold with precision was not so important if the proof revealed a specific act of sale within the prohibition of the statute.

It is true the averment in the indictment here of the lesser quantity sold is two bottles of beer and such may be indefinite, for, as counsel argue, it may be that two bottles of beer even exceed three gallons. But the gravamen of the offense is the sale of less than three gallons and the matter of which defendants are entitled to be informed by the indictment is the specific sale falling within the inhibition of the statute. Obviously this will suffice, for although the sale of two bottles of beer is charged, the indictment charges, too, that the sale was less than three gallons, and so it is defendants are charged with the infringement of the statute and the specific act of sale. In this view the indictment is sufficient.

The judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.